LYON, APPELLANT, *v.* CHICAGO, MILWAUKEE & ST. P. RY. CO. ET AL., RESPONDENTS.

(No. 3,509.)

(Submitted March 30, 1915.  Decided April 20, 1915.)

[148 Pac. 386.]

*Waters and Watercourses—Flooding Lands—Negligence—Burden of Proof—Evidence—Res Ipsa Loquitur—Inapplicability of Doctrine.*

Negligence—Burden of Proof.

1.  An inference of negligence may not be drawn from the bare occurrence of an injury in any case; hence the contention, in an action against a railway company for damages incident to the giving way of an embankment alleged to have been negligently constructed, that the mere washing away of the embankment made out a *prima facie* case of negligence against defendant, and that the burden then shifted to it, was without merit.

[As to accident as evidence of negligence, see note in 20 Am. St. Rep. 490; 30 Am. St. Rep. 736; 6 Am. St. Rep. 792.]

Same—Evidence—*Res Ipsa Loquitur*—Inapplicability of Doctrine.

2.  The rule *"res ipsa loquitur"* goes no further than to make out a *prima facie* case; it has the force and effect of a disputable presumption and cannot exist where facts are known and where from the evidence different inferences may be drawn as to the producing cause of the injury.

Same.

3.  Where plaintiff had produced evidence sufficient to make out a *prima facie* case of the negligence alleged in her complaint, she could not in addition invoke the doctrine of *res ipsa loquitur,* since such a course would have permitted the jury to give double weight to the evidence, to the facts as shown, and to the inference or presumption deduced by the law from the existence of those facts.

[As to rule of *res ipsa loquitur* as relieving plaintiff of burden of showing negligence, see note in Ann. Cas. 1914D, 908.]

*Appeal from District Court, Granite County; Geo. B. Winston, Judge.*

ACTION by Ella F. Lyon against the Chicago, Milwaukee & St. Paul Railway Company and others.   From a judgment for defendants, plaintiff appeals.   Affirmed.

*Messrs. Walsh, Nolan & Scallon* and *Mr. D. M. Durfee,* for Appellant, submitted a brief; *Mr. C. B. Nolan* argued the cause orally.

Appellant contends that by defendants' removing some of the natural ground which served as a bank and leaving the portion which they did to serve as an embankment, and this portion going out, a case was presented to which the doctrine of *res ipsa loquitur* applied. (*Hardesty* v. *Largey Lumber Co.,* 34 Mont. 151, 157, 86 Pac. 29; *Dempster* v. *Oregon Short Line Ry. Co.,* 37 Mont. 335, 96 Pac. 717.)   The presumption of negligence arose which made out a *prima facie* case for appellant, and the burden was cast upon the respondents to overcome this presumption by evidence showing that they exercised ordinary care. This doctrine has been generally applied in the case of the breaking of dams and ditches.   3 Farnham on Watercourses, section 875, declares that the giving way of a dam will raise a presumption that it was not maintained as it should have been, and place the burden of showing care upon its owner, citing the case of *Whiteside* v. *Collier,* 100 Ill. App. 611.   (See, also, *City Water Co.* v. *City of Fergus Falls,* 113 Minn. 33, Ann. Cas. 1912A, 108, 32 L. R. A. (n. s.) 59, 128 N. W. 817; *Lynch* v. *Ninemire Packing Co.,* 63 Wash. 423, 115 Pac. 838; *Griffen* v. *Manice,* 166 N. Y. 188, 82 Am. St. Rep. 630, 52 L. R. A. 922, 59 N. E. 925; *Dalton* v. *Selah Water Users' Assn.,* 67 Wash. 589, 122 Pac. 4.)

*Mr. Geo. W. Korte,* of the bar of Seattle, Washington, and *Mr. Wingfield L. Brown,* for Respondents, submitted a brief; *Mr. Korte* argued the cause orally.

The making of a *prima facie* case, by presumption or otherwise, does not change the burden of proof.   The object of coun-

sel's contention by his objection to instruction 14 is to avail himself of the rule of *res ipsa loquitur,* that when the injury and circumstances attending it are so unusual and of such a nature that it could not well have happened without the defendant being negligent, negligence will be presumed. Counsel's insistence is untenable for three reasons: (a) The doctrine of *res ipsa loquitur* has no application where all the facts and circumstances appear in evidence. Its sole office is in aid of a *prima facie* case before defendant is put to proof. (See *Beeman* v. *Puget Sound Traction etc. Co.,* 79 Wash. 137, 39 Pac. 1087; *Spaulding* v. *Chicago & N. W. Ry. Co.,* 33 Wis. 582; *State* v. *Hodge,* 50 N. H. 510; *Gibson* v. *International Trust Co.,* 177 Mass. 100, 52 L. R. A. 928, 58 N. E. 278; *Scarpelli* v. *Washington Water Power Co.,* 63 Wash. 18, 114 Pac. 870; *Menominee River Sash & Door Co.* v. *Milwaukee etc. Ry. Co.,* 91 Wis. 447, 65 N. W. 176.) Presumptions in themselves are not evidence. (Hammon on Presumptions, etc., 47; *Sturdevant's Appeal,* 71 Conn. 392, 42 Atl. 70; *McGinnis* v. *Kempsey,* 27 Mich. 363; *Lisbon* v. *Lyman,* 49 N. H. 553; *Woodward* v. *Chicago etc. R. Co.,* 145 Fed. 577, 75 C. C. A. 591; *Dowell* v. *Guthrie,* 99 Mo. 653, 17 Am. St. Rep. 598, 12 S. W. 900; *Stearns* v. *Ontario Spinning Co.,* 184 Pa. 519, 63 Am. St. Rep. 807, 39 L. R. A. 842, 39 Atl. 292; *Central of Georgia Ry. Co.* v. *Waxelbaum,* 111 Ga. 812, 35 S. E. 645.)

(b) It cannot be applied to the particular facts in this case. (Elliott on Railroads, 2d ed., sec. 1644, pp. 576, 577; *Huff* v. *Austin,* 41 Ohio St. 386, 15 Am. St. Rep. 613, 21 N. E. 864; *Benedick* v. *Potts,* 88 Md. 52, 41 L. R. A. 478, 40 Atl. 1067; *Lynch* v. *Ninemire Packing Co.,* 63 Wash. 423, 115 Pac. 838.)

There is another and decisive reason why the rule of *res ipsa loquitur* cannot be revoked by plaintiff. The cases all hold, including our own court, that if the evidence shows other causes, for which the defendant is not responsible, might have produced the injury, the reason for the rule fails, because under those conditions the defendant has as much right to invoke the rule as the plaintiff. (See *Shaw* v. *New Year Gold Mines Co.,* 31

Mont. 138, 77 Pac. 515; *McGowan* v. *Nelson,* 36 Mont. 67, 92 Pac. 40; *Andree* v. *Anaconda Copper Min. Co.,* 47 Mont. 554, 133 Pac. 1090; *Monson* v. *La France Copper Co.,* 39 Mont. 50, 133 Am. St. Rep. 549, 101 Pac. 243; *Patton* v. *Texas & P. Ry. Co.,* 179 U. S. 658, 45 L. Ed. 361, 21 Sup. Ct. Rep. 275; *Lewinn* v. *Murphy,* 63 Wash. 356, Ann. Cas. 1912D, 433, 115 Pac. 740; *Strehlau* v. *John Schroeder Lumber Co.,* 142 Wis. 215, 125 N. W. 429.) The two dam cases, relied upon by counsel for reversal, condemn the application of the rule of *res ipsa loquitur* whenever other causes appear which might have caused the damage.

(c) If applicable, the rule does not change the burden of proof, but that burden remains always upon the plaintiff at every stage of the trial. The supreme court of California, in a number of cases, has directly ruled in negligence cases against the specific objection which counsel has made to the instruction under discussion. Our own court has approved of the California decisions in a line of cases analogous and direct in principal, but never has had occasion to apply it in a negligence case. (*Scott* v. *Wood,* 81 Cal. 398, 22 Pac. 871; *Valente* v. *Sierra Ry. Co.,* 151 Cal. 534, 91 Pac. 481.) In *Sewell* v. *Detroit United Ry.,* 158 Mich. 407, 123 N. W. 2, the supreme court of Michigan cites with approval the case of *Scott* v. *Wood, supra,* as does also the supreme court of Ohio in *Klunk* v. *Hocking Valley Ry. Co.,* 74 Ohio St. 125, 77 N. E. 752. (See, also, *Lincoln Traction Co.* v. *Webb,* 73 Neb. 136, 119 Am. St. Rep. 879, 102 N. W. 258; *Rapp* v. *Sarpy County,* 71 Neb. 382, 98 N. W. 1042, 102 N. W. 242; *Dowell* v. *Guthrie,* 99 Mo. 653, 17 Am. St. Rep. 598, 12 S. W. 900; *Kay* v. *Metropolitan St. Ry. Co.,* 163 N. Y. 447, 57 N. E. 751; *Powers* v. *Russell,* 13 Pick. (Mass.) 69; *Sweeney* v. *Erving,* 228 U. S. 233, 57 L. Ed. 815, 33 Sup. Ct. Rep. 416.) We can find no case as well in point as the one just cited. The instruction requested by the plaintiff is, in terms, the objections made by the plaintiff at bar to the instruction in question. The instruction given by the court is identical with the one attacked. (See, also, *Western Transportation Co.* v. *Downer,* 11 Wall.

(U. S.) 129, 20 L. Ed. 160; *Griffen* v. *Manice,* 166 N. Y. 188, 82 Am. St. Rep. 630, 52 L. R. A. 922, 59 N. E. 925; *Holbrook* v. *Utica etc. Ry.,* 12 N. Y. 236, 64 Am. Dec. 502.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This cause was before this court on a former appeal (*Lyon* v. *Chicago, M. & St. P. Ry. Co.,* 45 Mont. 33, 121 Pac. 886.) Upon the second trial the defendants prevailed and plaintiff has appealed from the adverse judgment. A somewhat extended statement precedes our former opinion, and only such facts will be restated as are necessary to illustrate the single question now presented. The line of the railway company's road through Hellgate canyon was constructed along the river. At a particular bend in the river near Drummond, earth, rock and gravel were taken from the right of way for making grades and fills, with the result that a barrow-pit, deeper than the river channel, was excavated, leaving a portion of the natural surface of the earth between the pit and the river for an embankment or berm. In June, 1908, this embankment or berm was washed away. Large quantities of debris were carried upon plaintiff's land, and the river itself cut a new channel through her property, causing the damage for which redress was sought in this action. The defendants were charged with negligence in excavating the barrow-pit to a point so near the river that the embankment remaining was insufficient in thickness and strength to retain the waters of the river within its natural channel, and because of this negligence the embankment gave way, with the resulting injury to plaintiff's property. The defendants denied any negligence on their part and pleaded that the embankment was destroyed by an unprecedented flood or an act of God, and that the debris was carried to and upon plaintiff's land by the waters of the river flowing through a slough and certain ditches which plaintiff maintained as a part of her irrigating system. Upon the trial the court submitted instruction No. 14, to which plaintiff objected upon the ground that "under the facts in this

[1]  case, the going out of the berm or embankment made out a *prima facie* case of negligence against the defendants, and the burden was upon them to show that they exercised ordinary care and prudence in leaving the embankment as they did.'' The same objection was made to instruction No. 15, but is not applicable at all, and that instruction is dismissed from further consideration.  The objection to instruction 14 raises the only question which appellant has presented for determination.

If, by the objection made, counsel meant to urge that the burden of proof shifted to defendants, they were in error. Upon the issue of defendants' negligence plaintiff had the affirmative, and every rule of law and logic imposes upon her the burden of proving that negligence as alleged, by a preponderance of the evidence.  (Rev. Codes, sec. 7972; *Kipp* v. *Silverman,* 25 Mont. 296, 64 Pac. 884; *Gallick* v. *Bordeaux,* 31 Mont. 328, 78 Pac. 583; *Woods* v. *Latta,* 35 Mont. 9, 88 Pac. 402.) There is not any instance where from the bare fact that an injury occurs an inference of negligence can be drawn.  (*Benedick* v. *Potts,* 88 Md. 52, 41 L. R. A. 478, 40 Atl. 1067.)  We assume, however, that counsel meant no more than that the embankment gave way under such circumstances as pointed clearly to defendants' negligence as the cause, and called for them to go forward with the proof in explanation of their connection with it.

The rule *res ipsa loquitur* invoked by appellant, when properly applied, operates to make out a *prima facie* case, but goes [2]  no further.  (*Hardesty* v. *Largey Lumber Co.,* 34 Mont. 151, 86 Pac. 29; 8 Thompson's Com. on the Law of Negligence, sec. 3635; 1 Elliott on Evidence, sec. 91.)  It has the force and effect of a disputable presumption of law and supplies the place of proof necessarily wanting.  (*Spaulding* v. *Chicago & N. W. Ry. Co.,* 33 Wis. 582; *Beeman* v. *Puget Sound Traction etc. Co.,* 79 Wash. 137, 139 Pac. 1087.)  The maxim applies in negligence cases upon the theory that the plaintiff is not in a position to show the particular circumstances which caused the offending instrumentality to operate to his injury, but that the defendant,

having its exclusive management and control, and being thus
more favorably situated, possesses the knowledge of the cause
of the accident, and should, therefore, be required to produce
the evidence in explanation. (*Lynch* v. *Ninemire Packing Co.,*
63 Wash. 423, 115 Pac. 838; *City Water Power Co.* v. *City of
Fergus Falls,* 113 Minn. 33, Ann. Cas. 1912A, 108, 32 L. R. A.
(n. s.) 59, 128 N. W. 817; *Griffen* v. *Manice,* 166 N. Y. 188, 82
Am. St. Rep. 630, 52 L. R. A. 922, 59 N. E. 925.) The rule does
not apply, however, in any case where from the evidence differ-
ent inferences may be drawn as to the producing cause of the
injury (*McGowan* v. *Nelson,* 36 Mont. 67, 92 Pac. 40; *Andree* v.
*Anaconda Copper Min. Co.,* 47 Mont. 554, 133 Pac. 1090); and
since its effect is that of a presumption only, it cannot exist in
the presence of the known facts. (*Gibson* v. *International
Trust Co.,* 177 Mass. 100, 52 L. R. A. 928, 58 N. E. 278; *Bell*
[3] v. *Town of Clarion,* 113 Iowa, 126, 84 N. W. 962.) If the
plaintiff is in position to allege the specific negligent acts which
caused the injury and can produce evidence in support of the
charge sufficient to make out a *prima facie case,* the doctrine
*res ipsa loquitur* cannot be invoked, for to apply it under such
circumstances would permit the jury to give double weight to
the evidence: first to the facts themselves, and also to the infer-
ence or presumption which the law deduces from the existence
of those facts, or some of them. (1 Elliott on Evidence, sec. 92.)

Upon the trial plaintiff sought to prove in her case in chief
the specific acts of negligence charged in her complaint, and
that such negligence was the proximate cause of the injury to
her property. The evidence thus produced, if believed by the
jury, amply sustained her pleading and made out a *prima facie*
case. This was the view of the trial court also. The bill of
exceptions epitomizes the proof and recites that "the evidence
introduced in behalf of the plaintiff tended to show that the de-
fendants were guilty of negligence, in connection with leaving
the berm as it was left, and the testimony introduced in behalf
of the defendants tended to show that the defendants were not
guilty of negligence in that connection; the testimony of the

defendants tending to show that the damage to plaintiff's premises was caused by the waters of the Bergman slough overflowing her premises; the testimony of the plaintiff tending to show that the waters of the Bergman slough in no manner tended to cause the damage.''

Having established a *prima facie* case by evidence of the facts constituting the negligence which caused her damage, plaintiff could not invoke the rule *res ipsa loquitur*. The cause was properly submitted to the jury upon the evidence, not upon presumptions. Instruction 14 is not open to the objection interposed.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

(Submitted March 30, 1915.  Decided April 21, 1915.)