CITIZENS' STATE BANK OF ROUNDUP, RESPONDENT, *v.* SNELLING, APPELLANT.

(No. 3,959.)

(Submitted January 10, 1919.   Decided February 10, 1919.)

[178 Pac. 744.]

*Promissory    Notes—Defenses — Cancellation — Fraud—Burden of Proof.*

Promissory Notes—Defenses—Fraud—Cancellation—Burden of Proof.
    1.   In an action on a promissory note, the cancellation of which was sought by defendant for fraud in its execution, upon proof by plaintiff bank that it had purchased the note before maturity and for value, the burden was upon defendant to show that fraud had entered into the stock subscription in part payment of which the note had been given, and that plaintiff bank had knowledge thereof when it bought the paper.

Same—Evidence—Statements Made After Transfer—Irrelevancy.
    2.   Statements of officers of a bank suing on a promissory note, made months after its purchase for value and having no bearing upon the dealings between the maker and the payee's agent which culminated in the giving of the note, could not affect its transfer to plaintiff bank.

Same—What not Actionable Fraud.
    3.   Statements in the nature of prophecies made by a promoter of stock, to the effect that profits of the corporation proposed to be formed would be large, that all but the first payment on the subscription price would be taken care of by the profits, that a large number of bankers had subscribed and would become active agents for the company, *etc., held* insufficient to charge actionable fraud.

    [As to stockholders' subscriptions as affected by fraud, see note in 3 Am. St. Rep. 824.]

*Appeal from District Court, Musselshell County; Chas. L. Crum, Judge.*

ACTION by the Citizens' State Bank of Roundup against Ernest E. Snelling. From a judgment for plaintiff and an order denying him a new trial, defendant appeals. Affirmed.

*Mr. Thomas J. Mathews* and *Mr. E. K. Cheadle,* for Appellant, submitted a brief; *Mr. Cheadle* argued the cause orally.

The case should not have been taken from the jury unless it appeared as a matter of law that no verdict could have been rendered for the appellant from any view which could reasonably be drawn from the evidence. (*Cain* v. *Gold Mt. Min. Co.,* 27 Mont. 529, 71 Pac. 1004; *McCabe* v. *Montana Central Ry. Co.,* 30 Mont. 323, 76 Pac. 701; *Stewart* v. *Stone & Webster Engineering Corp.,* 44 Mont. 160, 119 Pac. 568.) A verdict should not be directed for either party where substantial evidence has been introduced tending to support the contentions of the adverse party. The weight of such evidence should be a question for the jury. (*Ball* v. *Gussenhoven,* 29 Mont. 321, 74 Pac. 871.) The court may direct a verdict when the evidence is so convincing that any verdict which might be rendered contrary to it would be set aside. (*Bean* v. *Missoula Lumber Co.,* 40 Mont. 31, 104 Pac. 869.) Where the evidence is conflicting and the case is not made out for either party clearly and indisputably, the court will not direct a verdict. It is the province of the jury to determine the weight of testimony under the instructions of the court. (*Whalen* v. *Harrison,* 26 Mont. 316, 67 Pac. 934; 38 Cyc. 1567–1569.)

The testimony of appellant shows without contradiction that the promissory note was executed without consideration and that the execution thereof was induced by fraud. Respondant's sole claim to recover under the evidence of this case is that it purchased the said promissory note in due course and before maturity. Want of consideration and fraud having been shown, however, the burden is upon the respondent to

prove its *bona fides* in the requirement of the promissory note. Plaintiff must sustain the burden of proving that he is a *bona fide* purchaser if the presumption that he is such has been impeached by evidence showing fraud. (*Rossiter* v. *Loeber,* 18 Mont. 372, 45 Pac. 560.) Where a negotiable instrument is obtained by fraud, a subsequent purchaser must show his good faith. (*Harrington* v. *Butte & Boston Min. Co.,* 22 Mont. 1, 69 Pac. 102.) Where there is fraud in the inception of the note, the burden of proving good faith is upon the purchaser. (*Thamling* v. *Duffy,* 14 Mont. 567, 43 Am. St. Rep. 658, 37 Pac. 363.)

*Mr. V. D. Dusenbery,* for Respondent, submitted a brief and argued the cause orally.

In order to sustain an action in deceit or to defend an action on a contract because of fraudulent misrepresentations, it is necessary to plead and prove that the misrepresentations resulted in injury or damage. (Rev. Codes, 5072; *Power & Bro.* v. *Turner,* 37 Mont. 521, 97 Pac. 950; *Butte Hdw. Co.* v. *Knox,* 28 Mont. 111, 72 Pac. 301; *Spencer* v. *Hersham,* 31 Mont. 120, 77 Pac. 418; *Marriner* v. *Dennison,* 78 Cal. 202, 20 Pac. 386, at 390; *Spreckels* v. *Gorrill,* 152 Cal. 383, 92 Pac. 1011; *Woodson* v. *Winchester,* 16 Cal. App. 472, 117 Pac. 565; *Bailey* v. *Oatis,* 85 Kan. 339, 116 Pac. 830; *Alden* v. *Wright,* 47 Minn. 225, 49 N. W. 767; *Carrington* v. *Omaha Life Assn.,* 59 Neb. 116, 80 N. W. 491; *Wingate* v. *Render* (Okl.), 160 Pac. 614; 20 Cyc. 42, 102; 9 Cyc. 431.) A misrepresentation in order to constitute actionable fraud, must be of an existing fact, or a fact that has existed in the past, and not a mere promise as to future events. (20 Cyc. 20; *Beard* v. *Bliley,* 3 Colo. App. 479, 34 Pac. 271; *Adams* v. *Schiffer,* 11 Colo. 15, 7 Am. St. Rep. 202, 17 Pac. 21; *Hubbard* v. *Long,* 105 Mich. 442, 63 N. W. 644, at 646; *Blacke* v. *Miller,* 75 Mich. 323, 42 N. W. 837; *Pollard* v. *McKinney,* 69 Neb. 742, 96 N. W. 679, 101 N. W. 9; *Milwaukee Brick & Cement Co.* v. *Schoknecht,* 108 Wis. 457, 84 N. W. 838.) Mere statements of

opinion, although erroneous, do not, as a general rule, con-
stitute fraudulent misrepresentations. (20 Cyc. 51; *Bankson*
v. *Lagerlof* (Iowa), 75 N. W. 661; *Esterly Harvesting Machine
Co.* v. *Berg*, 52 Neb. 147, 71 N. W. 952; *Butte Hdw. Co.* v.
*Knox, supra; Collins* v. *Jackson*, 54 Mich. 186, 19 N. W. 947,
at 949.)

Where the evidence is in such condition that if the case
were submitted to the jury and a verdict rendered, it would
be the duty of the court to set it aside, it is proper to direct a
verdict. (*Escallier* v. *Great Northern R. Co.*, 46 Mont. 238,
Ann. Cas. 1914B, 468, 127 Pac. 458; *Tudor* v. *Northern Pac.
R. Co.*, 45 Mont. 456, 124 Pac. 276; *Bean* v. *Missoula Lbr. Co.*,
40 Mont. 31, 104 Pac. 869.) A mere scintilla of evidence is
not sufficient to warrant submitting a case to the jury. (*Escal-
lier* v. *Great Northern R. Co., supra;* 6 Ency. of Pl. & Pr. 687;
*Hillyer* v. *Dickinson*, 154 Mass. 502, 28 N. E. 905; *Pierce* v.
*Great Falls & C. Ry. Co.*, 22 Mont. 445, 56 Pac. 867.) The
same rule applies where the evidence on behalf of the plaintiff
is sufficient to prove his cause of action, and there is no sub-
stantial evidence offered by the defendant, that the court may
properly instruct the jury to return a verdict for the plaintiff.
(*Ketchum* v. *Wilcox*, 5 Kan. App. 881, 48 Pac. 446; *Irwin* v.
*Dole*, 7 Kan. App. 84, 52 Pac. 916; *Carmack* v. *Drum*, 27 Wash.
382, 67 Pac. 808.)

MR. JUSTICE COOPER delivered the opinion of the court.

This is an action on a promissory note for $1,000 dated
December 11, 1914, and due six months after date. The com-
plaint alleges execution and delivery to Baker on December 11,
1914; its transfer to plaintiff on December 12, 1914, for a
valuable consideration, and nonpayment. The answer denies
its transfer and delivery to plaintiff; and alleges affirmatively
that if the plaintiff purchased the note, it did so long after
maturity and notice of a valid defense thereto; that some time
prior to December 11, 1914, one Baker, at Roundup in Mussel-
shell county, endeavoring to sell stock in the Bankers' Hail

Insurance Company, a corporation about to be organized, solicited defendant to subscribe for stock in said company; and in order to obtain his stock subscription, made to him certain false and fraudulent representations, knowing them to be false, all of which defendant believed to be true, and, so believing, subscribed for $2,000 of the capital stock of said proposed corporation, and made, executed, delivered and indorsed the note mentioned, in payment of the first installment of the subscription. More particularly, the answer alleges that "said Baker further represented that the Citizens' State Bank of Roundup, Montana, the plaintiff herein, had purchased $2,500 of the stock of said proposed corporation, and had offered to exchange $4,000 of the stock of the Montana Life Insurance Company for an equal amount of stock in the proposed corporation." Also that 140 other bankers in the state of Montana had subscribed for stock in said proposed company, and that each of these bankers would become an active agent for the proposed corporation in soliciting hail insurance; that agents' commissions would be twenty per cent of the premium, and that by reason of the position of the banks in the state, and the advantage that would accrue to the proposed company thereby, the profits would be large, and that the only payment that it would be necessary for him to make, would be the first, as all other payments would be taken care of out of the profits of the corporation. It also sets forth that one John Chandler and one C. O. Tupper, acquaintances and friends of defendant, had each subscribed for $2,000 of the shares of such stock; that James Elliott, Fred Handle and Herbert Thien had also subscribed for large amounts of capital stock of such proposed company; that he (Baker) had subscribed for $9,000 of it, and was putting all the money he could get into the stock of the company, whereas, in truth and in fact, he was merely selling stock at twenty-five per cent commission, and not putting any money into it at all; and that such representations (except those referring to Chandler and Tupper) were false. It also alleges that the subscriptions claimed to have been secured from other persons were

grossly exaggerated, and known to be so by Baker; that Baker was in fact the representative of the organization committee of said corporation and its agent in the procurement of subscriptions; that defendant relied upon such representations, and knew nothing to the contrary.   On information and belief defendant alleges that prior to the organization of the company, the sale of the note and the time plaintiff became the possessor of it, the defendant canceled his stock subscription.   He also alleges that no tender of any capital stock, or anything of value for the note, was ever made by the insurance company.   In his prayer, the defendant demands the cancellation and surrender of the note and relief from liability thereon.

The reply to the affirmative defense consists of denials, and direct allegations that plaintiff became the owner of the note in due course before maturity, in good faith, for a valuable consideration, and without notice of the defenses referred to.

At the close of all the testimony, on motion of plaintiff, the court directed a verdict against the defendant, and judgment was entered accordingly.   These appeals are from the order denying defendant's motion for a new trial and from the judgment.   The making of both orders is specified as error in appellant's brief.

The foregoing, being a *résumé* of the pleadings, and taking, as they do, a wider range than the testimony adduced at the trial, will suffice to cover and dispose of all the questions arising on these appeals.

At the trial the plaintiff produced and identified the note [1] indorsed by the agent of the holder thereof, and, having shown its purchase for value the day following its execution, the burden of proving that Baker obtained the note through fraud rested upon the defendant Snelling.   (*Harrington* v. [2] *Butte & B. M. Co.*, 27 Mont. 1, 69 Pac. 102.)   Statements of the character of those made by the officers of the bank months after the purchase of the note for value, and having no bearing upon the original negotiations between Baker and the defendant, in no wise affected the transfer to the plaintiff.

This being so, the liability of the defendant was fixed, until he could, by proper and sufficient pleadings and competent and preponderating proof, show that the note was obtained by means of fraud and deceit practiced by Baker in the procuration of the subscription for which the note was given, and that the plaintiff had knowledge thereof. (*Butte Hardware Co.* v. *Knox,* 28 Mont. 111, 72 Pac. 301; *Bullard* v. *Smith,* 28 Mont. 387, 72 Pac. 761; *Ott* v. *Pace,* 43 Mont., at page 92, 115 Pac. 37.)

We come, then, to the question of the sufficiency of the affirmative defense pleaded by the defendant in his answer. That it falls far short of the requirements of a pleading designed to upset a transaction entered into in apparent good faith, will be seen by a reference to cases dealing with defenses of this character. (*Butte Hardware Co.* v. *Knox, supra; Bullard* v. *Smith, supra; Ott* v. *Pace, supra.*)

A reference to the evidence in the record will disclose that the alleged misrepresentations of Baker consisted of existing facts, and that the means of testing their accuracy were available to the defendant if he had chosen to investigate them for himself. With his contract, however, he seems to have been quite contented, for he testified: "I made no effort to investigate any of the statements Mr. Baker made to me." The other statements alleged to have been made, consisted merely [3] of prophecies. Could the defendant, then, hope to successfully defend against the note if he had been able to prove to the satisfaction of the jury all that he alleges in his affirmative defense? We think not. Unfortunately for him, neither fantastic representations of things not actually existent, nor promises for the future amount in law to deceit or fraud. (*Pollard* v. *McKenney,* 69 Neb. 742, 96 N. W. 679, 101 N. W. 9; *Beard* v. *Bliley,* 3 Colo. App. 479, 34 Pac. 271; 20 Cyc. 20.) Statements no less alluring are undoubtedly made every day concerning the prospective value of mining stock, and in the promotion of enterprises of like nature; and, seductive as they may appear, without the interposition of misrepresentation,

with a fraudulent design, their authors are not chargeable with actionable deceit. "To be such, it must relate to a present or past state of facts." (*Milwaukee Brick & Cement Co.* v. *Schoknecht*, 108 Wis. 457, 84 N. W. 838.)   Not until the institution of suit on the note in the hands of a third person, did the defendant seek relief from what he now accounts a bad bargain. The courts cannot be called into action in aid of a party whose cupidity has outrun his business judgment.

The judgment and order are affirmed.

'*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.

(Submitted January 10, 1919. Decided February 15, 1919.)