## GALLATIN COUNTY FARMERS' ALLIANCE, RESPONDENT, *v.* FLANNERY, APPELLANT.

(No. 4,320.)

(Submitted April 11, 1921. Decided May 2, 1921.)

[197 Pac. 996.]

*Corporations — Stock and Stockholders — Shares of Stock — Promissory Notes—Certificate of Stock—Nondelivery—Consideration.*

Corporations—"Share of Stock"—Definition.
   1. Shares of stock in a corporation are incorporeal, intangible things existing only in abstract legal contemplation, representing aliquot parts of the capital stock.
Same—Stock and Stockholders—Shares of Stock—Certificate of Stock—Delivery to Subscriber not Necessary to Constitute Subscriber a Stockholder.
   2. The subscription for shares of stock and the acceptance of the subscription by the corporation constitute the transaction which

---

   1. Meaning of "shares of stock," see note in 57 **Am. St. Rep.** 379.
   2. When subscriber to stock becomes stockholder, see notes in **Ann. Cas.** 1913C, 418; **Ann. Cas.** 1917E, 209.

[59 Mont. 534.]

passes title to the subscriber, neither the issuance nor delivery of the certificate, which is no more than the paper representative of proprietary right as are other muniments of title, being necessary to constitute the subscriber a stockholder.

Same—Stock—What Constitutes Transfer.

3. Acceptance of a subscription for corporate stock and receipt of a promissory note in payment thereof constituted a transfer, the title to and ownership of the stock thereupon vesting in the subscriber, failure of the corporation to deliver a certificate to him not affecting his title or vitiating the sale.

Same—Action to Compel Delivery of Certificate—Refusal to Deliver—Complaint.

4. As a general rule, a proceeding to compel a corporation to deliver a certificate of stock, or an action for damages for failure to make delivery, cannot be maintained unless the corporation has refused delivery.

Trial—Evidence—Books of Account—Hearsay.

5. Where the bookkeeper who kept the books introduced in evidence was not called as a witness to testify to their correctness and no excuse was offered for not calling her, the testimony of the manager that they were kept under his supervision and that they were correct, although it appeared that entries were made in his absence and he could not identify all of the items of his independent recollection nor assume to do so by refreshing his memory by reference to the particular account, should not have been admitted.

Pleadings—Admissions—Evidence.

6. Facts admitted in the pleadings need not be proved.

*Appeals from District Court, Gallatin County; Ben B. Law, Judge.*

ACTION by the Gallatin County Farmers' Alliance against William Flannery. From a judgment for plaintiff and an order denying his motion for new trial, plaintiff appeals. Modified and affirmed.

*Mr. C. B. Nolan* and *Mr. Geo. Y. Patten,* for Appellant, submitted a brief; *Mr. Patten* argued the cause orally.

*Mr. Walter Aitken,* for Respondent, submitted a brief and argued the cause orally.

4. Right to damages for failure or refusal of corporation to transfer shares on books, see note in 13 Ann. Cas. 299.

5. Rules governing admissibility in evidence of books of account, see note in 138 Am. St. Rep. 441.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint in this action states two causes of action; one upon a promissory note for $327.50 with interest at eight per cent per annum, and the other upon an open account for goods, wares and merchandise sold and delivered to the defendant of the reasonable value of $3,299.53, no part of which has been paid except the sum of $2,866.05, leaving a balance due of $433.48.

The answer to the first cause of action admits the execution and delivery of the note and its nonpayment, and undertakes to plead failure of consideration. In answer to the second cause of action, defendant admits that between the dates mentioned therein he purchased and received from plaintiff certain goods, wares and merchandise, but denies that the value thereof exceeded $3,117.41. The answer also contains a counterclaim for $770.14 for grain sold and delivered to the plaintiff. Upon the allegations of the counterclaim there was issue raised by reply.

At the conclusion of the testimony the court directed a verdict in favor of the plaintiff for the amount due upon the note and submitted the second cause of action to the jury, with the result that a verdict in favor of plaintiff in a lump sum for $916.16 was returned and judgment entered thereon. From the judgment and from an order denying his motion for a new trial defendant appealed.

1. Complaint is made of the action of the court in directing a verdict for plaintiff upon the first cause of action. [1] The note was given by the defendant and accepted by the plaintiff in payment of the purchase price of thirty shares of the capital stock of the plaintiff corporation, but the certificate of stock had not been delivered to defendant at the time this action was commenced. The attempted defense to the first cause of action is stated as follows: ''That the plaintiff has never delivered to the defendant the shares of the capital

stock of plaintiff which it had so agreed to deliver and that the consideration for said promissory note has wholly failed."

A "stockholder" is the owner of shares in a corporation which has a capital stock. (Sec. 3822, Rev. Codes.) "Shares of stock" in a corporation are not things which can be seen, handled or delivered (*Morrice* v. *Aylmer,* L. R. 10 Ch. App. 148; *Payne* v. *Elliot,* 54 Cal. 339, 35 Am. Rep. 80), but merely incorporeal, intangible things existing only in bare, abstract legal contemplation. (*Burrall* v. *Bushwick R. Co.,* 75 N. Y. 211; 14 C. J. 387.) A share represents an aliquot part of the total capital stock (*Farrington* v. *Tennessee,* 95 U. S. 679, 24 L. Ed. 558 [see, also, Rose's U. S. Notes]), and is most frequently designated a chose in action. (4 Thompson on Corporations, sec. 3467; 14 C. J. 389.) The subscription for shares and the acceptance of the subscription [2, 3] by the corporation constitute the transaction which passes title to the subscriber, and neither the issuance nor delivery of the certificate is necessary (4 Thompson on Corporations, sec. 3455). It follows that one may be a stockholder prior to the delivery of the certificate of stock or before it is issued (*Cotter* v. *Butte & R. V. Smelting Co.,* 31 Mont. 129, 77 Pac. 509; *Mitchell* v. *Beckman,* 64 Cal. 117, 28 Pac. 110), for the certificate is only the paper representative of the incorporeal interest of the stockholder—the evidence of proprietary right as are other muniments of title. (4 Thompson on Corporations, sec. 3455; 14 C. J. 478.)

With these elementary principles in view, the question before us presents no difficulty. The defendant subscribed for thirty shares of the capital stock of the plaintiff corporation and made settlement therefor by the execution and delivery of his note. The plaintiff accepted the subscription and received the note in payment as it had the right to do. (*State* v. *Clements,* 37 Mont. 314, 96 Pac. 498.) This constituted a transfer (sec. 4632, Rev. Codes), and thereupon the title to the ownership of the stock, *ipso facto,* vested in the defendant. (*Mason* v. *Lievre,* 145 Cal. 514, 78 Pac. 1040;

*Majors* v. *Girdner,* 31 Cal. App. 47, 159 Pac. 826.) He received all the property for which he contracted—the full consideration for his note. Of course he was entitled to the certificate as evidence of his ownership, but the failure of the corporation to deliver it to him could not affect his title and did not vitiate the sale. At most it could constitute only a violation of a legal duty which the defendant could have compelled it to discharge. (*Majors* v. *Girdner,* above.) We are not prepared to say, however, that the plaintiff was under any duty to deliver the certificate until demand for it was made (sec. 5097, Rev. Codes), and there is no pretense that demand was made in this instance. It is the general rule that a proceeding [4] to compel a corporation to deliver a certificate of stock, or an action for damages for its failure to make delivery, cannot be maintained unless the corporation has refused delivery. (*Teeple* v. *Hawkeye Gold Dredging Co.,* 137 Iowa, 206, 114 N. W. 906; 14 C. J. 487.)

Since defendant received full consideration for his note, there was not any defense to the first cause of action, and the court properly directed the verdict.

2. During all the times covered by the transactions involved [5] in the second cause of action, the plaintiff was engaged in buying and selling grain for its stockholders and others; in supplying seed, oil, twine and other commodities. Its open account with the defendant extended over the period from May 8, 1909, to January 2, 1913, and comprised a considerable number of items. Its account-books were kept by a Miss Orton and T. F. Stephenson was its general manager. Its principal place of business was at Bozeman, but it operated an elevator at Belgrade as well. Mr. Stephenson testified that he had supervision over the bookkeeping; that the books produced at the trial were those kept in the usual course of business; that each entry was made at or about the time of the transaction which it evidenced, and that the books were kept correctly. He identified the several entries as having been made by Miss Orton, excepting two or three which were

in his own handwriting. He was forced to admit, however, that he was frequently out of the office when entries were made; that transactions were had at the elevators by the men in charge, and reported to the office on tickets or otherwise, and the entries made therefrom by the bookkeeper—sometimes in his absence, and that he could not identify all the items of his independent recollection, and he did not assume to do so by refreshing his memory by reference to the account. He testified that the bookkeeper was in Bozeman at the time the trial was being conducted there, but for some reason, or without reason, she was not called as a witness and no excuse was vouchsafed for her absence. Upon the showing made the Flannery account was admitted in evidence over objection and error is predicated upon the ruling.

We think the trial court extended the operation of the rule further than the circumstances of the case warranted. In the absence of any excuse for not calling the bookkeeper, the account should not have been received. (3 Jones on Evidence, sec. 573.) Furthermore, the account shows upon the face of it that it was not kept correctly. In this instance, however, the discussion is more academic than practical for [6] the error can be corrected without a new trial. It is elementary that facts admitted in the pleadings need not be proved. (*Frank* v. *Symons,* 35 Mont. 56, 88 Pac. 561.) The answer admits all of plaintiff's claim excepting $182.12. The court instructed the jury to include interest on the note and upon the amount found due upon the second cause of action, and the presumption must be indulged that the jury followed the instructions or at least attempted to do so. The note with interest amounted to $480.40. The admitted claim upon the second cause of action was $251.36, which with interest amounted to $351.50. The verdict demonstrates that nothing whatever was allowed upon the defendant's counterclaim, and nothing should have been allowed as the evidence failed to sustain it. Plaintiff was entitled to a verdict for

$831.90, without reference to the evidence furnished by the account-books.

The order denying a new trial is affirmed. The cause is remanded to the district court, with directions to modify the judgment by reducing the amount $84.26, as of the date of the judgment, and as thus modified it will stand affirmed. Each party will' pay his own costs in this court.

*Modified and affirmed.*

Mr. Chief Justice Brantly and Associate Justices Reynolds, Cooper and Galen concur.