MONTANA    AUTO    &    GARAGE    CO.,    APPELLANT,    *v.*
KEARNEY, RESPONDENT.

(No. 4,572.)

(Submitted October 28, 1921.    Decided November 28, 1921.)

[202 Pac. 578.]

*Automobiles—Repairs—Storage—Counterclaim—Evidence—Insufficiency—Nonsuit—Record on Appeal—Instructions.*

Appeal and Error—Nonsuit—Record on Appeal—Bill of Exceptions.
    1.  Where a motion for nonsuit and the grounds therefor were not incorporated in the bill of exceptions or the judgment-roll, except as shown in copies of journal entries improperly in the judgment-roll, alleged error in sustaining the motion is not reviewable on appeal.

Automobiles — Repairs — Storage — Counterclaims — Personal Injuries—Negligence—Causal Connection—Evidence—Insufficiency.
    2.  In an action by the owner of a garage to recover for repairs on and storage of an automobile, where defendant's counterclaims based on damages to the automobile because of negligent repairs and consequent personal injuries to himself were not supported by his evidence showing negligence or a causal connection between

it and the personal injuries, he was not entitled to recover on either.

Same—Counterclaims—Verdict—Insufficiency of Evidence.

3. Evidence *held* insufficient to support a verdict for $1,200 on defendant's counterclaims, the record disclosing an entire failure of proof as to one, and sufficient to support a claim for $20 only.

Trial—Instructions—Inapplicability to Facts—Error.

4. An instruction based on a counterclaim wholly unsupported by the evidence was inapplicable to the facts and therefore erroneous.

*Appeal from District Court, Silver Bow County; John V. Dwyer, Judge.*

ACTION by the Montana Auto & Garage Company against James Kearney. From judgment for defendant, plaintiff appeals. Reversed.

*Messrs. Walker & Walker* and *Mr. C. S. Wagner,* for Appellant, submitted a brief; *Mr. Thos. J. Walker* argued the cause orally.

*Mr. Ed. Fitzpatrick* and *Messrs. Canning & Geagan,* for Respondent, submitted a brief; *Mr. Fitzpatrick* argued the cause orally.

MR. COMMISSIONER SPENCER prepared the opinion for the court.

This is an action for the recovery of $348 and interest, as set forth in four causes of action in the amended complaint, as follows: First, for goods, wares and merchandise sold and delivered, of the reasonable value of $220.50; second, work and labor performed reasonably worth $55.35; third, work, labor, and services in bringing defendant's wrecked automobile to plaintiff's garage, reasonably worth $20; and, fourth, storing defendant's automobile in plaintiff's garage, reasonably valued at $52.50. The answer tenders a general denial of the first three causes of action, admits the fourth, and sets up four separate counterclaims against the plaintiff, in substance following: First, negligent repair of front and rear wheels on the right side of defendant's automobile, by reason of which, on Novem-

ber 10, 1917, these wheels gave way and broke, without fault
of defendant, causing the automobile to become strained and
twisted, to defendant's damage in the sum of $600; second,
founded upon the same negligence alleged in the first counter-
claim, it is claimed the defendant suffered personal injuries
by reason of being thrown from his automobile to his damage in
the sum of $5,000; third, that by reason of the negligence of
plaintiff, its agents and servants, certain automobile accessories,
consisting of two robes, two tires, four inner tubes, one set
of chains, one wire cable, and fifty feet of rope in storage
with defendant's automobile in plaintiff's garage between Au-
gust 1, 1917, and January 5, 1918, were removed or taken and
became wholly lost to defendant, to his damage $158; and
fourth, that plaintiff negligently allowed its servant to use
defendant's automobile during the month of August, 1917,
while in storage with plaintiff, and by reason of the rough
and negligent use thereof by plaintiff's servant the headlights
were wholly destroyed, to defendant's damage in the sum of
$50.   The reply put in issue all of the affirmative defenses.   Trial
was had before a jury, resulting in a verdict and judgment in
favor of defendant for $1,200.   Plaintiff's motion for a new
trial was overruled, and appeal is from the order overruling
the motion and from the judgment.

Appellant assigns as error: (1) The order of the court
[1] sustaining a motion for nonsuit upon plaintiff's first three
causes of action; (2) giving instruction No. 8 (hereinafter set
out at length); (3) insufficiency of the evidence to justify
the verdict, and that the verdict is against law; and (4) in
overruling plaintiff's motion for a new trial.   It is sufficient to
say of the first that the motion and the grounds therefor appear
neither in the bill of exceptions nor in the judgment-roll, ex-
cept as shown in copies of journal entries of the clerk im-
properly inserted in, and not properly a part of, the judgment-
roll, which disclose that "defendant moved the court for an
order striking certain testimony and nonsuiting plaintiff as to
certain causes of action," which motion was by the court

granted, and the further reference thereto in instruction No. 10 that "the court instructs the jury that the only claim of the plaintiff before you is its claim for the sum of $52.50," and hence this assignment is not before us for determination. The other three may be decided by a discussion involving the sufficiency of the evidence to justify the verdict. The first and second counterclaims both being founded upon the alleged negligent repair of two wheels of defendant's automobile, as a result of which the wheels broke down, causing certain damage to the automobile and personal injuries to the defendant, merit no consideration further than to say that each is entirely without support in the evidence either as to any negligence as alleged or causal connection between such negligence and resulting damage as charged. (*Lyon* v. *Chicago etc. Ry. Co.*, 50 Mont. 532, 148 Pac. 386; *Wallace* v. *Chicago etc. Ry. Co.*, 48 Mont. 427, 434, 138 Pac. 499.)

Passing to a discussion of the evidence in support of the [2] third and fourth counterclaims, and viewed in a light most favorable to the defendant, it is quite unsatisfactory; barely sufficient to carry the issues to the jury, and wholly insufficient to support the verdict. Defendant's third counterclaim demands $158 as the reasonable value of two robes, two tires, four inner tubes, one set of chains, one wire cable, and fifty feet of rope, claimed to have been lost through negligence of the plaintiff, while in storage with it. The defendant, notwithstanding he claims but $158 for the loss of specified articles, testified in general terms that "the value of these tools and equipment that I had in the car was about a couple of hundred dollars, something around there," and, particularizing his valuations, says: "There was two extra tires behind that car, one that had been used some, and one that was never put on the road at all. As to the market value of those tires, I think I know what I paid for them; I think it was $65 I paid for these Firestone tires; I bought them from the Montana Auto & Garage Company. That cable rope was a three-eighths cable, and I had it all fixed on both ends, and it might have been

worth about $20. * * * I had two extra tires all the time behind; I purchased one when we were going out to the coal camp, a Firestone tire; that was about September, I guess— I think it was the last of August we went out. I think it was $65 I paid for that tire; I don't know whether they give me ten per cent off or not; I think it was $65 or something like that. Referring to slip No. 5062, plaintiff's exhibit 10, the slip there says that that tire cost me $54.20; I was to get ten per cent off. * * * That is my signature on that slip, and it states that I purchased a tire for $45 on the 4th of September; so that I guess I was in town that day. * * * The slip which you show me bears my signature, and it states that I bought a tire for $26.60 on the 22d of September. * * * As to this wire cable, I got it made up at the Black Rock mine by the ropeman, and I paid him $20 for it.''

And, in support of his fourth counterclaim for $50 for destruction of the headlights on his automobile, he testified: ''Those two front lights would be worth about $20; I think about $20 the way he had them broke up; the glass was broken and the frame was mashed right in. * * * I spoke of two headlights that Connors damaged; he broke them, that was all; they were broke when he came in; the glass was broke and the inside of them, the globes. I should judge that those lights were worth about $20.'' The foregoing is all of the evidence as to the reasonable value of property claimed to have been [3] lost and damaged. Thus it will be seen that, when defendant placed a valuation of ''a couple of hundred dollars'' upon tools and equipment in his car while in storage with the plaintiff, that sum includes valuation of articles (unidentified tools and equipment) which are not included in the list of articles claimed to have been lost, and is no basis whatever by which a reasonable value could be placed upon the articles specifically enumerated in his third counterclaim. Such being the condition of the record, we find a total failure of proof of the valuation of any of the articles enumerated in the third counterclaim, save and except the quotations above showing the

cost price of three tires and the wire cable, the loss of which two of the three tires purchased is undisclosed. The evidence, in fact all of the evidence in support of the fourth counterclaim, is that the damage to the headlights (if damaged at all, and which is disputed by plaintiff) was $20, which is sufficient upon which to base a recovery, if at all, for that sum, and none other. Hence it is obvious that the verdict of $1,200 in favor of defendant "upon counterclaims stated in the answer" is wholly unwarranted by the proof, and cannot be sustained.

Sufficient objection was made to the giving of instruction No. 8, which reads as follows:

"The court instructs the jury that if you find for the [4] defendant you will assess his damages at such a sum of money as in your opinion will be reasonable and a just compensation for the injuries he has sustained. In estimating the damages you will take into consideration the physical and mental pain and suffering, if any, he has sustained or endured on account of being thrown from the automobile; also for the pain which he may be likely, or that there is a reasonable probability, that defendant will endure in the future." This instruction was given upon the theory that recovery was authorized under defendant's second counterclaim, but the foregoing observations in this opinion are sufficient to indicate that it is wholly inapplicable to any facts disclosed by the evidence, and further consideration thereof is unnecessary.

For some reason of which we are not advised, plaintiff's first three causes of action were withdrawn from the consideration of the jury. The record before us suggests that nonsuit was granted, but its condition precludes us from deciding whether or not the action of the court in this regard was erroneous as claimed in appellant's brief. It is to be observed, however, that the bill of exceptions contains all of the evidence offered and submitted by plaintiff to prove its case, as well as defendant's motion to strike it out, which was denied by the court, and we are at a loss to see any possible

theory upon which plaintiff could properly be denied the right to have its evidence passed upon by the jury. (*Smith* v. *Sullivan,* 58 Mont. 77, 190 Pac. 288; *Gallatin Valley Farmers' Alliance* v. *Flannery,* 59 Mont. 534, 197 Pac. 996.)

For the reasons herein expressed, we recommend that this cause be reversed, and remanded to the district court of the second judicial district, with directions to dismiss the first and second counterclaims and grant a new trial upon plaintiff's fourth cause of action and the third and fourth counterclaims of defendant's answer.

PER CURIAM: For the reasons given in the foregoing opinion, the cause is reversed, and remanded to the district court of the second judicial district, with directions to dismiss the first and second counterclaims and grant a new trial upon plaintiff's fourth cause of action and the third and fourth counterclaims of defendant's answer.

*Reversed.*