# SOUTH SIDE STATE BANK, Respondent, *v.* JARDINE, Appellant.

## (No. 5,569.)

(Submitted October 31, 1924.  Decided December 19, 1924.)

[231 Pac. 670.]

*Promissory Notes—Corporations—Subscription for Stock—Nondelivery of Certificate—Consideration.*

Promissory Notes—Corporations—Subscription for Stock—Nondelivery of Stock—Consideration.
1. Where the contract of purchase of corporate stock provided that the certificate therefor should not be delivered until the notes given in payment were paid, and the stock stood in the name of the purchaser on the books of the company and he considered himself its owner, as indicated by his signing a proxy and returning it to the company, he was in no position to interpose the defense of lack of consideration based on the fact that a certificate had never been issued to him.

Same—Sale of Corporate Stock—When Tender of Certificate Unnecessary.
2. In an action on a promissory note given for corporate stock, it is not necessary for plaintiff to first tender the certificate for the stock without a demand having been made therefor or unless the contract calls for it.

Same—Corporate Stock—Sale—What Constitutes.
    3.  Where an application for the purchase of corporate stock is approved by the corporation, and a note in payment is accepted by its agent, the result is a sale.

Same—Effect of Statements of Agent After Transfer of Note.
    4.  Correspondence by the corporation payee of a promissory note given for stock, and statements made by its agent to defendant maker relative to the renewal of the note after its transfer for value and before maturity, could not change the character of the instrument, indorsed in blank by the maker and without recourse by the payee.

Same—Sale of Stock—Fraud—What Does not Constitute.
    5.  Representations made by the agent of a corporation to the purchaser of stock that the stock had paid twenty per cent and that he expected that the dividend would be higher in the future, *held* to have been an expression of a wish or hope and did not constitute actionable fraud.

*Appeal from District Court, Beaverhead County; Jos. C. Smith, Judge.*

ACTION by the South Side State Bank against Moses D. Jardine. Judgment for plaintiff and defendant appeals. Affirmed.

*Mr. John Collins,* for Appellant, submitted a brief and argued the cause orally.

There was fraud in the inducement. (25 C. J. 1090; *Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601; *Koch* v. *Rhodes,* 57 Mont. 447, 188 Pac. 933; *Pocatello Security Trust Co.* v. *Henry,* 35 Idaho, 321, 206 Pac. 175; *Fischer* v. *Hillman,* 68 Wash. 222, 122 Pac. 1016; *Horowitz* v. *Kuehl,* 117 Wash. 16, 200 Pac. 570.)

Lack of consideration: The application for the stock furnished by the company recites: "I hereby subscribe for and agree to purchase 20 shares of the capital stock of Yellowstone Packing Company, for which I agree to pay $150.00 per share on the following terms: * * * " It is not possible under that application for defendant to become the owner of stock merely upon his signing it and signing a promissory note. (*Tuthill* v. *Sherman,* 36 S. D. 237, 154 N. W. 518.)

---

    5.  What amounts to false representation of existing fact, see note in 1 Ann. Cas. 980.

Since defendant received nothing, he had nothing to restore before avoiding his contract, as would have been the case upon a rescission of contract where some value had passed. Merely signing his name to a proxy is not an act from which he could derive any benefit. It has been held that even the receipt of dividends, accepted under a mistaken notion as to the company's condition, would not prevent a rescission. (*Rhines* v. *Skinner Packing Co.,* 108 Neb. 105, 187 N. W. 874.)

Plaintiff's ownership of the note was a question for the jury. (*Stone* v. *Maynard,* 52 Mont. 147, 156 Pac. 418; *Barry* v. *Danielson,* 78 Wash. 453, 139 Pac. 223; *Davy* v. *Kelley,* 66 Wis. 452, 29 N. W. 232; *Reed* v. *McCready,* 170 Mich. 532, 136 N. W. 488.)

*Mr. A. G. Shone* and *Messrs. Rodgers & Gilbert,* for Respondent, submitted a brief; *Mr. Shone* argued the cause orally.

Fraud is never to be presumed, but must be clearly proved by the party alleging the same and the facts alleged in defendant's answer, if taken as true, do not constitute fraud. (*Citizens' State Bank* v. *Snelling,* 55 Mont. 476, 178 Pac. 744; *Butte Hardware Co.* v. *Knox,* 28 Mont. 111, 72 Pac. 301; *Bullard* v. *Smith,* 28 Mont. 387, 72 Pac. 761; *Ott* v. *Pace,* 43 Mont. 82, 115 Pac. 37; Fletcher, Ency. Corporations, p. 1361.) In *Wegerer* v. *Jordan,* 10 Cal. App. 362, 101 Pac. 1066, the California court of appeals held that false representations that mining stock would pay immense dividends, and that it would bear six (6%) per cent interest on the investment, were expressions of opinion as to future profits, which if not realized would afford no basis for a recovery. (See, also, *Wilde* v. *Oregon Trust & Savings Bank,* 59 Or. 551, 117 Pac. 807.)

If defendant knew of any fraud, or believed there had been fraud practiced by plaintiff or the Yellowstone Packing Company, his conduct in delaying action after discovery of the fraud amounted to laches, which the court might find

directly or impliedly without any pleading on the subject. (*Tucker* v. *Beneke,* 180 Cal. 588, 182 Pac. 299; *Steveinson* v. *San Joaquin etc. Irr. Co.,* 162 Cal. 141, 121 Pac. 398.)

Defendant knew that he was the owner of the stock in question because on December 27, 1920, he signed a proxy to J. B. Henderson of the Yellowstone Packing Company to vote his shares of stock at the regular annual stockholders' meeting, this being over five months from the date of his note and stock subscription. A corporation is not bound to issue certificates until the subscription price is fully paid. (*California S. H. Co.,* v. *Collander,* 94 Cal. 120, 29 Pac. 859.) To constitute subscribers stockholders, it is not necessary that certificates should be issued to them. (*Mitchell* v. *Beckman,* 64 Cal. 117, 28 Pac. 110; *San Joaquin L. & W. Co.* v. *Beecher,* 101 Cal. 70, 35 Pac. 349.)

HONORABLE JOSEPH R. JACKSON, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, delivered the opinion of the court.

Action on a promissory note in the sum of $3,000, made and executed July 6, 1920, and due one year after date, given by Moses D. Jardine to the Yellowstone Packing Company for twenty shares of its capital stock. It is alleged that before maturity, and for value, the packing company sold the note to the South Side State Bank with indorsement: "Without recourse, pay to the order of the South Side State Bank. Yellowstone Packing Company, by J. B. Henderson, President." There is also an indorsement in blank, "Moses D. Jardine," said to have been made at the time of the execution and delivery of the note.

The complaint contains the usual formalities proper to an action of this character; that plaintiff is the owner and holder of the note; that nothing had been paid on principal or interest; demand made and relief sought.

By answer Jardine admits the corporate capacity of the plaintiff; that he signed his name on the face of the note; that demand was made by plaintiff and demand refused, and denies all other allegations. As a further answer defendant sets up that the J. B. Henderson mentioned in the complaint and one Blake came to the Jardine ranch in the Big Hole Basin, Beaverhead county, Montana, authorized to sell the corporate stock of the Yellowstone Packing Company, and in soliciting the defendant to buy twenty shares of the stock represented and warranted that it had the value of $3,000 and upwards; that it was then earning large dividends; that if defendant would subscribe for twenty shares and give his note he would receive therefor a stock certificate, and afterwards large dividends, and that every year thereafter the Yellowstone Packing Company would purchase all the livestock that defendant and his neighbors had to sell, and for which they would pay a higher price than would be paid by others. Defendant further alleges that the corporate stock did not then have nor since has had any value; that no stock certificate, dividends, proceeds or thing of value was ever paid to or received by him; that no buyer for the Yellowstone Packing Company since the execution of the note has offered to purchase or purchased any of the livestock of defendant or his neighbors, although every year since the note was executed they had been the owners of suitable livestock, and were ready, willing and able to sell it at a reasonable price; that no consideration ever did exist for the execution of the note, the ownership of which by plaintiff is denied. Issue was joined, and trial had by jury.

The record discloses, on the part of the plaintiff, that it received the note from the Yellowstone Packing Company on June 8, 1921, as part of collateral security for a loan to it for $10,000, and continuously thereafter owned and held it without notice of infirmity or defect in title, and that no part of principal or interest had been paid. The defendant's case shows that defendant signed the subscription note July 6, 1920, and also an application to the packing company by which he subscribed

for and agreed to purchase twenty shares of its stock at $150 per share, payable according to the terms of the note. Defendant testified: "As to what was the occasion of my giving this note and signing it on the face, I will say that I gave it for what I thought was a pretty good proposition from what they represented to me." No stock certificate was ever offered or delivered to the defendant. Some testimony was had on the part of the defendant concerning the physical value of the plant of the Yellowstone Packing Company, all of which was lower than the $600,000 value placed upon it, according to the defendant, by Henderson and Blake.

Defendant testified that on the evening of July 27, 1921, Henderson came to his place and wanted him to renew his note, and after that time he had correspondence from the Yellowstone Packing Company with reference to the payment of the note, and also had a letter from the bank inclosing two notes as renewals for the original, both payable to the packing company at the plaintiff's bank. Defendant paid no attention to the notes or correspondence.

After both sides had closed, the court, upon motion, directed verdict for plaintiff, and from the judgment defendant appeals.

Error is urged on the insufficiency of defendant's testimony to take the case to the jury upon the questions of fraud in the inducement, lack of consideration and plaintiff's ownership of the note.

With respect to consideration, defendant under his own [1] testimony affixed his name to the note with a knowledge and understanding that he was purchasing the stock, but that the certificate for it was not to be delivered to him until the note was paid. That the stock stood in his name on the company books is indicated by the issuance to him of a proxy, and that he considered himself the owner is shown by his signing the proxy and returning it to the company. .

In an action on a note given for corporate stock it is not [2] necessary to have tendered the certificate, which in fact is but evidence of ownership, without a demand having been

made, or unless the contract calls for it. (*Gallatin County Farmers' Alliance* v. *Flannery,* 59 Mont. 534, 197 Pac. 996.)

In this case the defendant made application for the purchase [3, 4] of the stock, and the same was approved by the corporation in the acceptance of the note by the agent of the company in payment. This constituted a sale. (*Gallatin County Farmers' Alliance* v. *Flannery, supra; Majors* v. *Girdner,* 31 Cal. App. 47, 159 Pac. 826.) As to plaintiff's ownership of the note, there is nothing in the record to justify its submission to the jury. The conversations related and the correspondence had could in no event change the character of the instrument as indorsed.

With respect to fraud in the inducement, the record merely [5] shows that Henderson and Blake informed defendant it was worth $150 per share, had paid twenty per cent dividend the previous year, and that they expected it would be better that year. As to what the stock was really worth outside its par value, as to whether or not the Packing Company paid twenty per cent or nothing, the record is barren. Defendant's own testimony that the sellers ''expected'' the dividend to be higher in the future than twenty per cent is merely the expression of a wish or hope, and cannot be construed as actionable fraud. (*Citizens' State Bank* v. *Snelling,* 55 Mont. 476, 178 Pac. 744.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES RANKIN, HOLLOWAY and STARK concur.