MARY E. SMITH *vs.* THEODORE P. SPITZ & another.

Middlesex.   March 3, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Master and Servant — Scope of Employment.*

A bill-poster employed to post up bills in certain places went to a town about fifteen miles away and deposited them in the road. Two of the bills were blown by the wind against the horse of the plaintiff's intestate, so that he took fright, ran away, and was killed. *Held*, in an action for the price of the horse against the owner of the bills, that, even if there was any evidence that the person who put the bills in the road was the defendant's servant, and not an independent contractor, he was not acting within the scope of his employment, and the defendant was not liable.

TORT, to recover the price of a horse, the property of the plaintiff's intestate. At the trial in the Superior Court, *Bond*, J. directed a verdict for the defendants; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. Cummings*, for the plaintiff.

*J. F. Wheeler*, for the defendants.

HOLMES, J. This is an action for frightening a horse of the plaintiff's intestate, so that it ran' away and killed itself. The horse was frightened by some bills or posters of the defendant Spitz, which had been thrown in a heap in the road, and two of which were blown against the horse by the wind. At the trial, the presiding justice directed a verdict for the defendants, and the plaintiff excepted. We. are of opinion that the ruling was right, and that, if there was any evidence that the person who put the posters in the road was the defendant's servant, and not an independent contractor as he would seem to have been, plainly he was not acting within the scope of his employment in doing what he did.

The bills in question were large bills, intended to be posted up for advertisement. They measured about three feet by four, and three feet by one, respectively, and therefore were too large for handbills, or for other use than posting. The defendant employed a bill-poster to put up two hundred bills for ten dollars. By all the testimony the bills were to be put on certain private bill-boards, and other like places, in South Framingham, Saxonville, Framingham Centre, and Ashland. In fact the employee went to Franklin, about fifteen miles away, and deposited the bills in a heap in the road. The only ground on which the jury could have found that the man was a servant was that there was evidence that the defendant Steinberg, Spitz's managing man, said that he sent his " agent " to Framingham, etc., which is not enough, and we do not think that we need the assistance of a jury to say that leaving the bills in the road, fifteen miles away, was not within the scope of an employment to paste them on boards in Framingham. See *Walton* v. *New York Central Sleeping Car Co.* 139 Mass. 556; *Rayner* v. *Mitchell*, 2 C. P. D. 357; *Storey* v. *Ashton*, L. R. 4 Q. B. 476; *Wilson* v. *Owens*, 16 L. R. Ir. 225.                    *Exceptions overruled.*