CHARLES E. GIBSON *vs.* INTERNATIONAL TRUST COMPANY.

Suffolk.    March 6, 7, 1900. — October 19, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER,
HAMMOND, & LORING, JJ.

*Personal Injuries — Instructions — Negligence of Operator of Elevator and
Janitor of Building — Common Carrier — Res ipsa loquitur — Prima facie
Case — Burden of Proof — Whether Person or Corporation running Ele-
vator is a Common Carrier.*

In this case, which was an action for personal injuries occasioned to a passenger in
an elevator by its suddenly starting downward, when he was about to alight there-
from at the first floor, a request for a ruling that there was no evidence of negli-
gence in the management of the elevator on the part of the operator, who, not
knowing that the stool behind him had been moved by the janitor of the build-
ing who was riding at the time in the elevator, lost his balance as he attempted to
sit down and carried with him the lever, upon which his hand was resting, and
also a request that there was no evidence that the janitor was at the time of
the accident employed in the operation of the elevator, should both have been
given.   The doctrine of *res ipsa loquitur* does not apply.

The fact that an accident happens to a person when carried by a common carrier
makes, under some circumstances, a *prima facie* case ; but it does not change the
burden of proof or render it less the duty of the court to take the case from the
jury when, on all the evidence, no negligence appears ; and it is a general rule
in this Commonwealth that the making of a *prima facie* case does not change the
burden of proof.

Whether a person or corporation running an elevator is a common carrier or has
the responsibilities of one, *quære.*

TORT, for personal injuries.   At the trial in the Superior
Court, before *Lilley,* J., the jury returned a verdict for the plain-
tiff; and the defendant alleged exceptions, which, *Lilley,* J.
having resigned, were allowed by *Bond,* J.   The facts appear
in the opinion.

The case was argued at the bar in March, 1900, and after-
wards was submitted on briefs to all the justices.

*R. M. Morse & J. Lowell,* for the defendant.

*S. L. Whipple & H. W. Ogden,* for the plaintiff.

LATHROP, J.   The plaintiff was injured while riding in an
elevator car in the defendant's building.   The ground upon
which the plaintiff seeks to recover is that, after the elevator car
had stopped at the first floor to enable the plaintiff to alight, the

defendant so carelessly and negligently operated and controlled the car, that while the plaintiff was about to step from the car on to the said floor the car suddenly started downwards, bearing the plaintiff along with it, and one of the plaintiff's legs was drawn between the shaft and the car, and was injured.

The plaintiff testified that the elevator appeared to be of modern design and in first class condition, and that Hersey, the person who ran the elevator, was an ordinarily bright and intelligent young man, rather above the average in that respect; that there had been a movable stool in the elevator for some time, and that he understood it was there to enable the elevator boy or attendant to sit down; that the elevator was operated by a lever which, when it was drawn towards the operator as he usually stood, moved the elevator downward; that when it was pushed from him it started the elevator upward; and that when it was right in the middle it stopped the elevator, and it was so arranged that it locked there if the operator's hand was removed from the handle.

There were in the elevator at the time of the accident four persons. The plaintiff was nearest the door. Behind him was a friend of his. On the further side of the elevator was Hersey, who ran the elevator, and behind him was the janitor of the building, one Bagley. The plaintiff further testified that he saw Hersey push the lever to stop the car and open the door; that at the same time he saw Bagley take hold of the stool and move it back toward the corner; that he moved it a few inches back; that Hersey was standing with his back to Bagley, and the stool was between them; that so far as he could judge Hersey did not know that the stool had been moved when he attempted to sit down, after stopping the elevator and opening the door; that Hersey's left hand was on the lever when he was forced back by losing his support behind, or his seat; and that he had his hand on the lever, and that carried the lever with him.

Lowe testified that as soon as the elevator boy opened the door he undertook to sit down and missed his seat; that the stool and the boy went together; that he threw up his arms to catch himself, but caught the apparatus that moved the elevator, and all went down a certain distance.

Hersey, who was called for the defendant, testified that when

he reached the first floor he stopped the car and went to open the door, and then went to sit down, the same as he had been in the habit of doing; that, the stool having been removed, he lost his balance, and as he fell back he grasped the lever, which was the only resort he had.  He further described the handle of the lever as having a supplementary handle underneath, which, when taken hold of, would raise the piece of steel out of the slot and would allow the car to be moved; that when the car reached the first floor he put the piece of steel in the slot; and that when he fell he must have seized the handle from underneath and released the steel.

Whether we take the evidence of the plaintiff's witnesses alone, or in connection with that of Hersey, we are of opinion that there is no evidence of negligence on the part of Hersey; and that the request for an instruction to this effect should have been granted.  The only ground upon which the plaintiff relies to show negligence on the part of Hersey is that he did not look behind him before attempting to sit down.  But he did not know that the stool had been moved, and had no reason to suppose that this was the case.  He attempted to sit down in the customary way, and lost his balance, and clutched for something to support him.  His action was entirely an involuntary one.  To say that under such circumstances there was evidence of his negligence would be going too far.

We are of opinion also that the jury should have been instructed, as requested, that there was no evidence that Bagley was at the time of the accident employed in the operation of the elevator.  The evidence was that he was the janitor of the building; that he had gone to the eighth floor for some tools, and was returning, as a passenger, on the elevator when the accident happened.  Bagley in moving the stool did not act as the servant or agent of the defendant; and the defendant is not liable for his act in moving the stool, if it were negligent in him to move it.  There is nothing in the evidence to show that he was exercising any control over the running of the elevator, or that he was at the time of the accident doing anything more than riding as a passenger.  The moving of the stool cannot be considered as an act within the scope of his employment at that time. *Walton* v. *New York Central Sleeping Car Co.* 139 Mass. 556.

*Smith* v. *Spitz,* 156 Mass. 319.   *Bowler* v. *O'Connell,* 162 Mass. 319.   *Driscoll* v. *Scanlon,* 165 Mass. 348.   *Brown* v. *Jarvis Engineering Co.* 166 Mass. 75.

The plaintiff seeks to avail himself of the doctrine of *res ipsa loquitur;* but we are of opinion that that doctrine has no application where all the facts and circumstances appear in evidence. The same is true of the plaintiff's contention that the duty which the defendant owed him was that of a common carrier of passengers.   It may be doubted whether this question is open, as it was not raised in the court below, (see *Marlett* v. *Jackman,* 3 Allen, 287, 297,) and the case was tried on the issue of due care on the part of the plaintiff and negligence on the part of the defendant, which were the issues raised by the pleadings. The object of this contention on the part of the plaintiff is to avail himself of the rule that if an accident happens to a person when carried by a common carrier, this, under some circumstances, makes a *prima facie* case.   But we do not understand that this changes the burden of proof, or renders it less the duty of the court to take the case from the jury, when, on all the evidence, no negligence appears.

It is a general rule in this Commonweath that the making of a *prima facie* case does not change the burden of proof.   *Powers* v. *Russell,* 13 Pick. 69, 76.   *Delano* v. *Bartlett,* 6 Cush. 364, 366.   *Central Bridge* v. *Butler,* 2 Gray, 130.   *Nichols* v. *Munsel,* 115 Mass. 567.   *Willett* v. *Rich,* 142 Mass. 356.   *Broult* v. *Hanson,* 158 Mass. 17.

The question whether a person or corporation running an elevator is a common carrier, or has the responsibilities of one, is one upon which there is a conflict of authorities.   See, in favor of the proposition, *Mitchell* v. *Marker,* 62 Fed. Rep. 139 ; *Treadwell* v. *Whittier,* 80 Cal. 574; *Kentucky Hotel Co.* v. *Camp,* 97 Ky. 424 ; *Goodsell* v. *Taylor,* 41 Minn. 207.   In other States, such cases are tried upon the issues of due care on the part of the plaintiff, and negligence on the part of the defendant.   *Lee* v. *Knapp,* 55 Mo. App. 390.   *McGrell* v. *Buffalo Office Building Co.* 153 N. Y. 265.   In the last case it was held that the case should have been taken from the jury because there was no evidence of the defendant's negligence.   In this Commonwealth, while the question has not been discussed, *Shattuck* v.

*Rand,* 142 Mass. 83, was tried and decided on the issues applicable to ordinary cases of negligence. We do not think it is necessary to consider the question in the present case, for, if the defendant was liable as a carrier of passengers, we are of opinion that the requests for instructions which we have already considered should have been granted.

This view of the case renders it unnecessary to consider the other exceptions of the defendant.

*Exceptions sustained.*