GEORGE H. DENTZ ET AL., DEFENDANTS IN ERROR, v.
   THE PENNSYLVANIA RAILROAD COMPANY, PLAINT-
   IFF IN ERROR.

Submitted December 13, 1907—Decided June 15, 1908.

1. Negligence is not to be presumed from the mere fact of a moving
   boat colliding with another moored in a slip, when the plaintiffs'
   case shows several acts of the defendant previous to the actual
   collision, all of which tended to the result, and might be found to
   be explanatory of it, without requiring an inference of negligence.
   Presumptions in favor of plaintiff exist only in the absence, not
   in the presence, of explanation by him.
2. Where the plaintiffs' case shows the conditions under which an
   accident happens, and the question is raised whether under the
   circumstances specified the conduct of the defendant was negli-
   gent, the rule *res ipsa loquitur* does not apply.

On error to Hudson Circuit.

For the plaintiff in error, *James B. Vredenburgh.*

For the defendants in error, *Davis & Hastings.*

The opinion of the court was delivered by

BERGEN, J.   The plaintiffs' case showed that defendant's
tug was towing a lighter, loaded with three hundred and
fifty tons of iron, from Brooklyn to the New Jersey shore;
that while in the East river, and just off the slip between
piers four and five, a swell, caused by a passing boat, caused
the lighter to leak and it began to fill rapidly; that the cap-

tain of the tug, in order to save his cargo, endeavored to beach the lighter by entering the slip between the piers mentioned, in which was moored the plaintiffs' tug with two lighters lying between it and pier three; that there were canal boats in the slip along pier four nearly opposite plaintiffs' tug; that the lighter had listed considerably as it approached and entered the slip, though the situation was not then considered dangerous; that when opposite plaintiffs' tug the stern of the lighter, owing to the parting of a hawser, caused by the great strain it was under, swung off lightly from the tug, whereby the whole strain was thrown on the hawser at the bow of the tug, causing a greater listing of the lighter towards the tug, creating a situation in which there was imminent danger that the load of iron upon the lighter would slide over on the tug and sink both it and the lighter; that at this juncture the captain of the defendant's tug ordered the hawser cut, and when this was done the tug righted, and the load of iron on the lighter slid into the water, the result being that the side of the lighter towards plaintiffs' tug was raised out of the water and the lighter cast on it, causing it to sink.

On this state of facts the trial court charged the jury as follows: "Ordinarily speaking, when one vessel is tied up to a dock and a tug with a tow collides with the vessel still tied up, the presumption is that there was some negligence on the part of those who were managing the tugboat. And that presumption would seem to exist in this case, in the first instance, and I think you are entitled to start with that presumption." To this an exception was taken and error assigned. We think that, under the circumstances shown in this case by the plaintiffs, an instruction that the jury should begin their consideration of the facts with the presumption that the defendant was negligent from the mere fact that the lighter collided with plaintiffs' tug, was an error which requires a reversal of this judgment. When nothing appears except that a boat, coming into a slip under ordinary conditions, collides with another moored therein, a presumption of negligence in the operation of the moving boat arises, but where, as in this case, the plaintiffs show the conditions

under which the accident happened, and the question is raised whether, under the circumstances specified, the conduct of the defendant was negligent, the rule *res ipsa loquitur* does not apply. The immediate cause of this collision was the cutting of a hawser, which became necessary to prevent the sinking of defendant's tug and the probable loss of life. By the plaintiffs' case it appeared that unless the hawser had been cut the lighter would have sunk and carried defendant's tug down with it. Whether, under the circumstances, it was negligent to bring the lighter into the slip, or to cut the hawser when and where it was done, could only be determined by considering all the explanatory facts introduced by plaintiffs, among which were the bringing of a sinking lighter into the slip; the parting, under strain, of the stern hawser; the not keeping at a greater distance from plaintiffs' tug, and whether the cutting of the hawser and the releasing of the lighter when it was abreast plaintiffs' tug was necessary to save life, or justifiable, if defendant had not, up to that point, been negligent. Each of these acts were aids to the collision, and were proven by plaintiffs as reasons for charging negligence, and in explanation of alleged negligent conduct which went beyond the mere fact of collision as a presumption of negligence. The plaintiffs did not rely upon the presumption of negligence arising from a collision resulting from negligent operation alone, but upon circumstances entirely aside from it which contributed to that end. The collision did not result from the direct operation of defendant's tug, but because of the separation of the tug from the lighter it had in tow, and whether the act which parted the tug from the lighter, whereby the lighter collided with the plaintiffs' tug, was a negligent one, depended on circumstances proven and not alone upon the fact of the collision. If a vessel lying at anchor in plain view is run into by another, nothing more appearing, the reasonable presumption is that the collision resulted from negligence in the operation of the moving vessel, but if it appear in the plaintiffs' case that, while the moving boat was being properly navigated, her rudder chains suddenly broke and she became unmanageable, no presump-

tion of negligence in the operation of the vessel arises. It is only where the cause of such a collision remains undisclosed that the presumption of negligence exists. Presumptions exist in favor of the plaintiffs only in the absence, not in the presence, of explanation by them.

In the present case all of the circumstances proven by the plaintiffs as the basis of the alleged negligence were submitted to the jury, with the preliminary instruction that they were to start with the presumption of defendant's negligence. The facts relating to the collision were practically undisputed, and if the accident, as described by the plaintiffs, justified a presumption of negligence, the defence was deprived of the benefit of the consideration by the jury of the questions, Whether the captain of defendant's tug failed to exercise reasonable care and skill in going into the slip? Was there so great an emergency as to justify the cutting of the hawser? Did the captain exercise reasonable care toward other vessels in the slip in taking in the lighter? All of these acts of defendant's captain the plaintiffs proved as showing negligence, and an instruction that negligence must be presumed from the collision, necessarily eliminated from the consideration of the jury every explanatory fact offered by the plaintiffs. If negligence is to be presumed the case should have ended there by a direction for plaintiffs, because nothing remained for the jury to pass upon other than the question of the amount of damages, for the testimony on both sides was substantially the same, and if a presumption of negligence, arising from the fact of the collision, remained after the plaintiffs' explanation of the manner in which it happened, it was of no advantage to the defendant to have the character of its acts submitted to the jury. That they were in fact submitted does not correct the wrong, for the burden of showing negligence is on the plaintiffs, and it cannot be shifted by raising a presumption in favor of the plaintiffs, on evidence which the court submits to the jury for the purpose of permitting it to draw an inference antagonistic to a presumption raised on the same state of facts. It is putting the defendant in an unfair position, as it practically requires

it to overcome a presumption which the court directs the jury has been raised out of the very testimony submitted, and upon which the defendant relies for its exculpation.

The judgment under review is reversed and a *venire de novo* ordered.

*For affirmance*—THE CHANCELLOR, BOGERT, J. 2.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, BERGEN, VROOM, GREEN, GRAY, DILL, J.J. 10.