ALICE GASCOIGNE, Appellee, *vs.* THE METROPOLITAN WEST SIDE ELEVATED RAILWAY COMPANY, Appellant.

*Opinion filed February 19, 1909—Rehearing denied April 8, 1909.*

1. APPEALS AND ERRORS—*when an alleged variance cannot be availed of on appeal.* An alleged variance between the allegations and the proof, which might have been obviated by amendment of the declaration, cannot be availed of on appeal where no specific objection as to such variance was made on the trial.

2. SAME—*when question of variance is not preserved by motion for new trial.* A motion for new trial, grounded upon an alleged variance between the allegations and the proof, does not preserve the consideration of such variance for review in the Supreme Court where there was no objection to the admission of the evidence nor any motion to exclude it.

3. SAME—*party cannot complain of law announced in his own instructions.* A defendant in a personal injury case, at whose request an instruction is given that it was its duty to use reasonable care in the construction and maintenance of its turnstile, cannot complain, on appeal, of the rule of law so announced.

4. TRIAL—*what evidence tends to show improper construction of turnstile.* Evidence that the defendant's turnstile was so constructed that its lowest revolving arm was eight and one-half inches from the platform, and that plaintiff's injury was caused by her foot being caught between such arm and the platform, tends to support the allegations of the declaration that the turnstile was improperly constructed.

5. NEGLIGENCE—*if evidence tends to show negligence the doctrine of res ipsa loquitur need not be considered.* If there is evidence in a personal injury case which tends to show negligence by the defendant, and which is properly submitted to the jury, the question whether the doctrine of *res ipsa loquitur* has any application requires no consideration.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

Appellee brought an action on the case against appellant in the superior court of Cook county in March, 1905, for personal injuries alleged to have been received November 8, 1904, while passing through an exit turnstile at the Fifth avenue terminal station of appellant's railway in Chicago. The allegations in the declaration as to negligence and the manner in which plaintiff was injured are substantially as follows: "That said defendant carelessly, negligently and wrongfully constructed a dangerous and unsafe means of exit for its passengers by and through a certain unsafe and dangerous iron turnstile, through which unsafe and dangerous iron turnstile said plaintiff was directed and it became and was necessary for her to pass in order to reach said Franklin street," and, "while in the exercise of due care and precaution, in passing through said iron turnstile unavoidably was caught by her left foot between one of the horizontal projecting rounds of said turnstile and another stationary round which projected to and beyond the end of said iron round and toward the center of said turnstile, and the left foot of said plaintiff was then caught, as aforesaid, with such force and violence that the plaintiff. was thereby then thrown with great force and violence and was struck with great force by other projecting horizontal rounds of said turnstile."

The turnstile was one of a pair set between the curved walls of a passageway on what is termed a "crossover" platform. The passengers who desired to pass out to Franklin street first went down a flight of stairs, then through these turnstiles, and then along a platform ten or twelve feet wide and down-stairs to the street. Each of the turnstiles consisted of a hollow iron post six inches in

diameter and about six feet high, from which four sets of arms projected, each set being at right angles with the next set.  The arms were made of 2½-inch iron pipe and about two feet and ten inches long.  From two stationary posts set at equal distances from the center column of the turnstile and just beyond the reach of the revolving arms, extended rows of arms composed of iron pipe of the same diameter as the revolving arms.  At the bottom of the post was a circular iron plate having twelve grooves in it, at equal distances from each other.  As the post turned, a dog or ratchet was intended to fall into each groove, thereby preventing the post from turning in the opposite direction.  A spring acted on the dog to press it down into the grooves as the post revolved.  The stationary arms were to prevent a person passing through except in the direction the turnstile was intended to turn.  The lowest arm of the turnstile passed under the lowest stationary arm and was at least eight and one-half inches above the floor.

Appellant filed a plea of general issue to the declaration and the cause was tried before a jury, which returned a verdict against appellant for $5000.  On motion for new trial being overruled and judgment entered, an appeal was prayed to the Appellate Court for the First District, where the judgment of the lower court was affirmed.  This appeal is further prosecuted.

ADDISON L. GARDNER, and WILLIAM R. MOSS, (W. W. GURLEY, of counsel,) for appellant.

JOHN F. WATERS, and WILLIAM L. MARTIN, (JOEL BAKER, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee came to this station on the morning of the accident on the cars of appellant, leaving them at said Fifth avenue terminal station.  She attempted to pass through

one of said two turnstiles, and her left foot was caught in it and she was thrown against the arms of the turnstiles. No one noticed her until after she was injured, and as to the way her foot was caught her testimony is the only evidence. She testified that she pushed against the arm in front of her and set the turnstile in motion; that it "got away" from her and the arms behind her struck against her, and that her left foot was caught by the lower rung of the turnstile and bent back; that she fell against the arms of the turnstile in front of her and that her left foot and ankle were injured, and she was hurt in the groin and a hernia was thereby produced. The testimony also tends to show that the ratchet at the bottom of the turnstile, into the twelve grooves of which the dog dropped to prevent it turning backward, was in some manner out of order, both before and after this accident; that a spring acting on the dog did not work correctly. Whether this was because the spring, dog or ratchet arrangement was out of repair or because they were improperly constructed the record does not disclose. This might result in causing the turnstile to move more easily.

As has been stated, the testimony of appellee tended to show that her left foot was caught between the lowest revolving arms and the floor, and does not tend to prove the allegation of the declaration that in passing through said turnstile she was caught by her left foot between one of the horizontal projecting rounds of said turnstile and one of the stationary arms. The variance, however, was not pointed out in any manner in the trial court. A general instruction to direct a verdict for the defendant was asked both at the close of appellee's testimony and at the close of all the testimony and refused in each instance by the trial court. Had a specific objection as to this variance been made on the trial it could have been obviated by amending the declaration. The objection comes too late in this court. (*Indianapolis and St. Louis Railroad Co. v. Estes,* 96 Ill.

470; *Consolidated Coal Co.* v. *Wombacher,* 134 id. 57.)
On motion for new trial it was alleged that there was a
variance because the declaration alleged that the turnstile
was wrongfully and negligently constructed, while it is
contended the proof introduced did not show how it was
wrongfully constructed. Not only must the variance be
specifically pointed out, charging variance in general terms
will not be sufficient, (*Probst Construction Co.* v. *Foley,*
166 Ill. 31; *City of Joliet* v. *Johnson,* 177 id. 178; *Zellers*
v. *White,* 208 id. 518;) but a motion grounded upon an al-
leged variance does not preserve the consideration of such
variance as a question of law for review by this court in
the absence of an objection or a motion to exclude the ob-
jectionable evidence at the trial. *Alford* v. *Dannenberg,*
177 Ill. 331.

The trial court instructed the jury, at the request of ap-
pellant, that its duty was to use reasonable care in the con-
struction and maintenance of said turnstile, and that if the
jury believed appellant had used reasonable care in respect
thereto then the verdict should be not guilty. No exception
was taken to this instruction, and the law of this case is,
therefore, that appellant owed the duty to appellee to use
reasonable care in constructing and maintaining a safe turn-
stile. *Illinois Central Railroad Co.* v. *Keegan,* 210 Ill. 150.

The chief contention of the appellant, however, is, that
there is no evidence in the record to support the allegation
in the declaration that the turnstile was improperly con-
structed. Appellant introduced certain testimony tending to
show that it had constructed its turnstile in the usual and
ordinary method of constructing turnstiles of that kind and
for that use. The evidence shows that the turnstile was so
constructed that the lowest arm was at least eight and one-
half inches above the floor and that the appellee was injured
by reason of her foot being caught between the lowest re-
volving arm of said turnstile and the floor. We think,
therefore, there is evidence tending to sustain the material

allegations of the declaration, however insufficient it might be regarded if we were required to find where is the preponderance. Whether appellant should have foreseen that such an accident might happen and could have been reasonably anticipated we think on this record was a question fairly to be submitted to the jury. Their verdict being against the appellant, and having been approved by the trial and Appellate Courts, we cannot interfere.

The argument of appellant as to the application of the doctrine of *res ipsa loquitur* need not be discussed. Apparently appellee did not rely on this rule of law in the trial of the case. No instructions were given touching it, and it is not claimed that the trial court made any improper rulings as to this question. There being evidence tending to show negligence, which was properly submitted to the jury, the doctrine of *res ipsa loquitur* requires no consideration.

It is also insisted that the court erred in permitting certain doctors to testify, on re-direct examination, as to strangulated hernia when this question was not raised either in the direct or cross-examination. This evidence, after it was admitted, was stricken out on motion of appellee. We do not see how the admission of this testimony and its subsequent exclusion could have improperly influenced the jury as to their verdict.

We are disposed to think that objections to certain parts of the closing address of the attorney for appellee were not properly preserved in the record by exceptions, but even if they were, we do not consider them of such nature as to justify a reversal of the cause.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*