### KING v. DAVIS, Agent.

(Court of Appeals of District of Columbia. Submitted February 5, 1924. Decided March 3, 1924.)

No. 3994.

1. **Food** ⊂⊃25—**Carrier liable for negligently serving contaminated food.**

Where carrier knew that the meat served in its dining car to passenger was contaminated, or failure to know it was due to want of reasonable care, carrier is liable to a passenger who became ill from ptomaine poisoning by eating the meat.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Evidence ⬉⟿538—Witness held competent to testify as to ability of experienced person to discover condition of meat.**

A witness, stating that he had conducted a sanatorium for 18 years, and that it was a part of his duty to purchase the meat served and kept there, and he had made a study of the care, preservation, and service of foods, especially meats, *held* competent to testify whether it would have been reasonably easy to ascertain, by one experienced in that class of service, whether particular meat was in a fresh or tainted condition.

3. **Evidence ⬉⟿512—Expert testimony as to ability of experienced person to discover condition of meat admissible.**

Expert testimony as to whether it would have been reasonably easy to ascertain, by one experienced in that class of service, whether particular meat was in a fresh or tainted condition, *held* admissible.

4. **Evidence ⬉⟿508—When expert testimony is permissible.**

Expert testimony is permissible only where the thing to which it relates is so far removed from ordinary human experience that a jury will presumably not possess the skill or knowledge requisite to draw a proper inference from the facts.

5. **Trial ⬉⟿47(1)—When offer of what party expected to prove by interrogatory not necessary.**

While generally an offer of what a party expected to prove by an interrogatory which witness was not permitted to answer should be made, it is not necessary, where the question is so framed as to clearly admit of an answer favorable to the claim of the party propounding it.

6. **Negligence ⬉⟿121(2)—When doctrine of res ipsa loquitur applicable.**

The doctrine of res ipsa loquitur may be invoked only where the facts of the occurrence warrant the inference of negligence, and the pleader, because of the nature of the case, is not able to point out the specific acts which caused the injury.

7. **Food ⬉⟿25—Doctrine of res ipsa loquitur inapplicable to service of unwholesome food.**

Where a declaration alleges the service of veal by carrier in its dining car, with actual or constructive knowledge that it was unfit for human consumption, the doctrine of res ipsa loquitur has no application.

Appeal from the Supreme Court of the District of Columbia.

Action by Dora Bristow King against James C. Davis, Statutory Agent of the United States. From a judgment entered on a directed verdict for defendant, plaintiff appeals. Reversed and remanded, with directions to grant a new trial.

Robert H. McNeill, of Washington, D. C., for appellant.

Frederick D. McKenney, John S. Flannery, and G. Bowdoin Craighill, all of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. This is an action in tort to recover damages from James C. Davis, statutory agent of the United States, designated as such by the President in pursuance of the act of Congress approved February 28, 1920 (41 Stat. 461 [Comp. St. Ann. Supp. 1923, § 10071¼cc]), for injuries which the plaintiff, Dora Bristow King, claims she sustained while a passenger on one of the trains of the Pennsylvania Railroad Company running between Washington and New York. At the close of plaintiff's testimony the trial court sustained a

motion to peremptorily instruct the jury to return a verdict in favor of the defendant, and the plaintiff appeals.

In her declaration Mrs. King averred that she, accompanied by her husband, on December 30, 1919, entered a dining car of the train on which she was traveling, and which was operated by the railroad company under the management of Davis, in response to a call made by the servants of the company, for the purpose of obtaining her luncheon. Different items of food, among them veal, were served to, and eaten by, them. The veal, she said, was corrupt and unfit for human consumption, and after eating it she became nauseated and violently ill from ptomaine poisoning, caused by the meat. She alleged that the company, through its servants, knew, or should have known by the exercise of reasonable care, that the veal at the time it was served was unfit for human consumption, but that, notwithstanding this, they intentionally and unlawfully served it, to the injury of the plaintiff, as just stated, and she asked for damages.

In passing on the motion for a directed verdict the learned justice went into the matter with great care. From his written opinion we learn that he sustained the motion on the ground that there was no proof that the defendant knew the food furnished to be tainted or unwholesome, and that to hold the defendant liable on the theory that it, by the exercise of ordinary care and prudence, could have discovered its condition before serving it, would be equivalent to saying that "the defendant was an insurer of the wholesome character of the food furnished."

[1] We cannot agree to the proposition that to hold the defendant negligent, if by the exercise of reasonable care it should have known the condition of the meat, would make it an insurer of the character of the food supplied. If the defendant knew that the meat was contaminated, we think no one would say that it should not be held responsible for the consequent damages; but its failure to know does not excuse it, if the failure was due to want of reasonable care in ascertaining the truth. A person may be held, not only for what he knows, but also for what he would have known if he had exercised reasonable care in the premises. Market Co. v. Clagett, 19 App. D. C. 12, 26; Brown v. Savings Bank, 67 N. H. 549, 39 Atl. 336, 68 Am. St. Rep. 700; Patterson v. Jos. Schlitz Brewing Co., 16 S. D. 33, 91 N. W. 336. To hold the railroad company liable on the basis that it was negligent in not knowing the condition of the veal would not make it an insurer of its dining room patrons against tainted food. If by the exercise of reasonable care it could not have discovered that the meat was unwholesome, it would not be responsible. There is a wide difference between charging a defendant as an insurer and charging him on the score of his negligence.

[2, 3] Plaintiff called as a witness Dr. Ashworth, who stated that he had conducted a sanatorium for 18 years, and that it was a part of his responsibility and duty to purchase the foods and meats served there; that he had a large, roomy refrigerator for caring for the meat; and that he had made a study of the care, preservation, and service of foods, especially meats. He said he had heard the testimony of Mrs. King

and her husband with respect to their having eaten the veal in the dining car, and he was then asked whether or not, based on his experience, "it would have been reasonably easy to ascertain, by one experienced in that class of service, whether or not this particular meat at the time ·it was served \* \* \* was in a fresh or tainted condition." Objection was made to the question on the ground that the witness had not qualified himself to answer it, and, besides, that it was something the jury knew as much about as the witness. The court sustained the objection. We think ·the witness had shown himself competent. If the matter was not a subject for expert testimony, because no special experience was necessary in order to judge correctly of it, then it was for the jury to say whether, from the facts disclosed, the railroad company was negligent in serving the food, and it was error to take the matter from the jury.

[4] We recognize the rule that expert testimony is permissible only where the thing to which it relates is so far removed from ordinary human experience that a jury will presumably not possess the skill or knowledge requisite to draw a proper inference from the facts, even if such facts could be ascertained. 22 C. J. 652; Lynch v. Larivee Lumber Co., 223 Mass. 335, 111 N. E. 861. Whether or not the matter in the instant case was one proper for expert testimony is a close question, but we believe it would have been better to have received the testimony. Manifestly, the answer desired, if given, would have been in harmony with the deduction which the jury might have drawn from . the facts disclosed, and therefore no injury could have resulted to the defendant. If the answer was not of that character, it would have been injurious to the plaintiff, and the defendant would have no ground for complaint.

[5] After the court had sustained the objection, counsel did not make an offer of what he expected to prove by the interrogatory, and this, it is said, precludes appellant from having the ruling reviewed here. While it is the general rule that such an offer should be made, it is not necessary where the question is so framed as to clearly admit ·· of an answer favorable to the claim .of the party propounding it. Buckstaff v. Russell, 151 U. S. 626, 636, 14 Sup. Ct. 448, 38 L. Ed. 292; Kansas City Southern Railway Co. v. Jones, 241 U. S. 181, 36 Sup. Ct. 513, 60 L. Ed. 943; Stanley v. Beckham, 153 Fed. 152, 82 C. C. A. 304; Harris v. Brown, 187 Fed. 6, 109 C. C. A. 60.

[6, 7] It is urged by appellant that the doctrine of res ipsa loquitur should be applied in this case. That doctrine may be invoked only where the facts of the occurrence warrant the inference of negligence, and the pleader, because of the nature of the case, is not able to point out the specific act which caused the injury complained of. Moore v. Clagett, 48 App. D. C. 410, 415. But where, as here, the declaration alleges the precise acts upon which the case is predicated, namely, the service of the veal with knowledge, actual or constructive, that it was unfit for human consumption, the doctrine has no application. The pleader knew the acts of negligence on which she relied, and she was required to prove them, or some of them, without the aid of the pre-

sumption which flows from the application of the doctrine of res ipsa loquitur. Moore v. Clagett, supra.

We perceive no sound reason why the railroad company should not be held liable to the appellant, if it negligently served to her tainted meat and thereby caused her injury. In Bishop v. Weber, 139 Mass. 411, 1 N. E. 154, 52 Am. Rep. 715, an action of tort was sustained against a caterer for improperly and negligently furnishing unwholesome and poisonous food. In ruling on the case the court said:

"The furnishing of provisions which endanger human life or health stands upon the same ground as the administering of improper medicines, from which a liability springs irrespective of any question of privity of contract between the parties."

This language was quoted with approval in Tomlinson v. Armour & Co., 75 N. J. Law, 748, 760, 70 Atl. 314, 19 L. R. A. (N. S.) 923, by the Court of Errors and Appeals of New Jersey, in an elaborate opinion by Chancellor Pitney, afterwards Justice of the Supreme Court of the United States. The Chancellor in the course of the opinion said that among the most fundamental of personal rights, without which man could not live in a state of society, is the right of personal security, including the preservation of a man's health from such practices as might prejudice or annoy it. "To assert, therefore," continued the Chancellor, "that one living in a state of society, organized, as ours is, according to the principles of the common law, need not be careful that his acts do not endanger the life or impair the health of his neighbor seems to offend against the fundamentals." Page 757 (70 Atl. 317). We know of no law which exempts a caterer from the general rule that a person who in any manner injures another through his negligence must respond in damages for the consequences of his act.

The cases brought before us by counsel for the railroad company have been examined, and there is nothing in them which conflicts with what we have said. Want of space forbids a review of more than a few. Besides, we think it unnecessary. In Valeri v. Pullman Co. (D. C.) 218 Fed. 519, it was held that the plaintiff could not recover upon an implied warranty for injuries resulting to him from unwholesome meat furnished him in defendant's buffet car. Another case, Friend v. Childs Dining Hall Co., 231 Mass. 65, 120 N. E. 407, 5 A. L. R. 1100, is to the same effect. The last decision concedes that the majority of cases in this country brought against innkeepers for furnishing deleterious food rests upon negligence. It is hardly necessary to point out that cases holding plaintiff cannot recover in a case like the one before us on an implied warranty is not an authority against appellant here. The decisions in tort cases cited by the appellee hold, as we do, that the plaintiff must allege and prove negligence.

The case is reversed, with costs, and remanded, with directions to grant a new trial.

Reversed.