[1] Reported in 217 N.W. 102.
Appeal from an order setting aside a verdict for defendant and granting plaintiff a new trial. The order was based exclusively upon the failure of the court to include in the charge to the jury the doctrine of res ipsa loquitur.
Plaintiff was driving his automobile north on Lexington avenue, St. Paul. At University avenue he stopped his car near the curb on the right side of Lexington to wait for the electric stop sign to change to "Go." He intended to turn left toward Minneapolis. Defendant's truck, pulling a trailer loaded with poles, drew up on the left side of plaintiff's car. When the sign changed to "Go," the truck proceeded to cross University avenue. Plaintiff's proof tends to show that before his car had moved it was struck by the poles on defendant's trailer, doing damage. Defendant's proof tends to show that plaintiff gave a left-turn signal and started his car, which swerved enough to the left to get in the way of the poles on the trailer. The several men on the truck, including the driver, and all the occupants of plaintiff's car disclosed all the facts relative to the respective claims of the parties. The alleged negligence was the careless operation of the truck with its trailer and load.
The doctrine of res ipsa loquitur is that when a thing, which has caused an injury, is shown to be under the management of the defendant charged with negligence, and the accident is such as in the ordinary course of things would not happen if those who have the control use proper care, the accident itself affords reasonable evidence, in the absence of explanation by the defendant, that it arose from want of care. Olson v. G.N. Ry. Co.68 Minn. 155, 71 N.W. 5; Sullivan v. Minneapolis St. Ry. Co.161 Minn. 45, 55, 200 N.W. 922; Mathews v. C. N.W. Ry. Co.162 Minn. 313, 320, 202 N.W. 896; O'Rourke v. Marshall Field Co.307 Ill. 197, 138 N.E. 625, 27 A.L.R. 1014; Plumb v. Richmond L. R. Co. 233 N.Y. 285, 135 N.E. 504, 25 A.L.R. 685; Dierks Lbr. Coal Co. v. Brown (C.C.A.) 19 F.2d 732. The circumstances take the place of evidence to make a prima facie case to take the case to the jury. Sullivan v. Minneapolis St. Ry. Co. 161 Minn. 45,200 N.W. 922; Ryan v. St. Paul Union Depot Co. 168 Minn. 287,210 N.W. 32. *Page 217 
"The thing speaks for itself" is a short way of saying that the circumstances attendant upon the accident are themselves of such character as to justify a jury in inferring negligence as the cause of the accident. 2 Jones, Ev. § 518. The fact may be established by such circumstances in the absence of direct evidence. Sweeney v. Erving, 228 U.S. 233, 33 S. Ct. 416,57 L.ed. 815, Ann. Cas. 1914D, 905. The doctrine is not applicable where the responsibility for the accident is divided. Laurent v. United F.G. Co. 101 W. Va. 499, 133 S.E. 116. The agency must be under the exclusive control of defendant. Lehman v. Dwyer P. H. Co. 104 Minn. 190, 116 N.W. 352. The importance of the doctrine of res ipsa loquitur is found in the province of the trial court and not in the province of the jury. It is called upon, in the first instance, to say whether there is any evidence of negligence to go to the jury. In the absence of direct evidence, the court must, in cases where the maxim applies, hold that the circumstances, if unexplained, are such as will permit the jury to draw the inference of negligence. Hughes v. Atlantic City 
S.R. Co. 85 N.J.L. 212, 89 A. 769, L.R.A. 1916A, 927. It still remains for the jury to decide whether the preponderance is with the plaintiff even though no explanation is given. Sullivan v. Minneapolis St. Ry. Co. 161 Minn. 45, 200 N.W. 922.
The application of the maxim presents principally the question of the sufficiency of circumstantial evidence to justify the jury in inferring the existence of defendant's negligence. Griffen v. Manice, 166 N.Y. 188, 59 N.E. 925, 52 L.R.A. 922, 82 A.S.R. 630; Nebraska Bridge Supply Lbr. Co. v. Jeffery (C.C.A.) 169 F. 609. It is not the accident but the circumstances that justify the application of the doctrine. It is a mere rule of evidence. The circumstances surrounding a case where the maxim applies amount to evidence from which the fact of negligence may be found. The inference which the doctrine permits is grounded upon the fact that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to defendant but inaccessible to the injured person. 5 Wigmore, Ev. § 2509, p. 498. It may happen that a plaintiff makes a prima facie case by showing the accident with its *Page 218 
attendant circumstances and yet he may destroy by his own evidence the application of the doctrine. Buckland v. N.Y.N.H. 
H.R. Co. 181 Mass. 3, 62 N.E. 955.
In the absence of an explanation, the maxim where applicable may support a verdict. The theory is that the adversary in control of the instrumentality, in the absence of explanation, may have superior knowledge to the disadvantage of the injured. He may also readily produce evidence which would naturally be difficult for plaintiff to get. Plaintiff would often have to resort to indirect and circumstantial evidence, and doubtless some meritorious causes would fail for want of the truth; while the defendant can usually disclose the truth by direct and positive evidence. If he is free from fault the demand upon him cannot be harmful. Necessity seems the best support for the rule although some authorities base it on the doctrine of probabilities. We recognize the rule as resting on inference and not presumption. The distinction is discussed in Glowacki v. N.W.O. Ry. P. Co. (Ohio) 157 N.E. 21; see 23 Mich. Law. Rev. 785.
It must therefore follow that the doctrine of res ipsa loquitur has no application where all the facts and circumstances appear in evidence. Nothing is then left to inference. The necessity therefor does not exist. 20 R.C.L. 188, n. 11; Gibson v. International Tr. Co. 177 Mass. 100, 52 L.R.A. 928; Gascoigne v. Metropolitan West Side El. Ry. Co. 239 Ill. 18, 87 N.E. 883,16 Ann. Cas. 117; 57 Am. Law Rev. 114. Nor has it any application when the cause of the accident is not in question. Shea v. Thomas Elev. Co. 167 Ill. App. 365; Enloe v. Southern Ry. Co.179 N.C. 83, 101 S.E. 556. It does not apply where it appears that the accident was due to a cause beyond the control of the defendant such as "the presence of vis major, or the tortious act of a stranger." 25 A.L.R. 713, n. 2; Topping v. G.N. Ry. Co. 81 Wn. 166,142 P. 425, L.R.A. 1915F, 1174; Anderson v. N.P. Ry. Co.88 Wn. 139, 152 P. 1001, L.R.A. 1917F, 1020. Nor does it apply where an unexplained accident may be attributable to one of several causes for some of which defendant is not responsible. Peters v. Lynchburg L. T. Co. 108 Va. 333, 61 S.E. 745,22 L.R.A.(N.S.) 1188; Klein v. Beeten, 169 Wis. 385, *Page 219 172 N.W. 736, 5 A.L.R. 1237, and note. Nor does it apply when the cause of the accident is known. 29 Cyc. 592, n. 3; Illinois Steel Co. v. Zolnowski, 118 Ill. App. 209; North Chicago St. R. Co. v. O'Donnell, 115 Ill. App. 110; Parsons v. Hecla Iron Works,186 Mass. 221, 71 N.E. 572; Orcutt v. Century Bldg. Co. 201 Mo. 424,99 S.W. 1062, 8 L.R.A.(N.S.) 929; Gibson v. International Tr. Co.177 Mass. 100, 58 N.E. 278, 52 L.R.A. 928; Dentz v. Pa. R. Co.75 N.J.L. 893, 70 A. 164. Nor where the circumstances do not suggest or indicate superior knowledge or opportunity for explanation on the part of the party charged, or if the plaintiff himself has equal or superior means of information. Lynch v. Ninemire Packing Co. 63 Wn. 423, 115 P. 838, L.R.A. 1917E, 178; Pronnecke v. Westliche Post Pub. Co. (Mo.App.) 291 S.W. 139.
This principle has caused many state and the federal courts to hold that where one pleads specific negligence he cannot rely on this rule. Federal Elec. Co. v. Taylor (C.C.A.) 19 F.2d 122; Porter v. St. Joseph Ry. L.H. P. Co. 311 Mo. 66, 277 S.W. 913; King v. Davis, 54 App. D.C. 239, 296 F. 986; White v. C.G.W.R. Co. 158 C.C.A. 491, 246 F. 427; 20 Mich. Law Rev. 916. However we do not follow that theory when general negligence is also alleged. Kleinman v. Banner Laundry Co. 150 Minn. 515,186 N.W. 123, 23 A.L.R. 479.
When a plaintiff establishes a prima facie case by direct evidence of the facts constituting the negligence which caused his damage he cannot invoke the rule of res ipsa loquitur. Lyon v. C.M. St. P. Ry. Co. 50 Mont. 532, 148 P. 386; King v. Davis,54 App. D.C. 239, 296 F. 986. In the absence of its necessity the rule falls. Under such circumstances the case goes to the jury unhampered by the rule. When plaintiff knows just how an injury occurred, the recovery must be predicated upon a finding of facts constituting the negligence. It cannot then rest upon the maxim. McAnany v. Shipley, 189 Mo. App. 396, 176 S.W. 1079; Cook v. Union Elec. L. P. Co. (Mo.App.) 232 S.W. 248; Heckfuss v. Am. Packing Co. (Mo.App.) 224 S.W. 99. The rule does not establish liability where a definite cause is clear on the evidence. It applies only when the cause, although unexplained, does not happen according to common experience *Page 220 
without fault on the part of the defendant. Stangy v. Boston El. Ry. Co. 220 Mass. 414, 107 N.E. 933; Riggsby v. Tritton, 143 Va. 903,129 S.E. 493, 45 A.L.R. 280. Being a rule of necessity, it must be invoked only when evidence is absent and not readily available. It is not to be invoked when the evidence is available and certainly not when the evidence is actually presented.
The rule of res ipsa loquitur must be invoked sparingly and applied only when the facts and demands of justice make its application essential. Anderson v. McCarthy Dry Goods Co.49 Wn. 398, 95 P. 325, 16 L.R.A.(N.S.) 931, 126 A.S.R. 870.
In the instant case all the evidence was before the court. It was for the jury to say whether or not defendant was negligent in the operation of the truck without reference to the doctrine of res ipsa loquitur. Connor v. A.T. S.F. Ry. Co. 189 Cal. 1,207 P. 378, 22 A.L.R. 1462; Gascoigne v. Metropolitan West Side El. Ry. Co. 239 Ill. 18, 87 N.E. 883, 16 Ann. Cas. 115. All the conditions attendant on the accident were fully observed and testified to by the witnesses and the case was properly made to depend upon whether the account of the occurrence given by plaintiff or by defendant's witnesses should prevail. Hence the maxim was without application. Baldwin v. Smitherman,171 N.C. 772, 88 S.E. 854. The evidence of either party was sufficient in law if it was sufficient in fact. There was a conflict but no want of evidence. There was no knowledge in the mind of defendant withheld from plaintiff, and there was no evidence not readily accessible to him. Such was the status when the case was given to the jury. The necessity, when the case was submitted, for the application of the maxim did not exist at all. Plaintiff's case depended upon the truthfulness of his witnesses. Riggsby v. Tritton, 143 Va. 903, 129 S.E. 493, 45 A.L.R. 280; 1 Elliott, Ev. § 92. He had evidence which of its own natural force took his case to the jury. The maxim being unnecessary was inapplicable. Nor should the inference from the rule, which is based upon presupposed facts, apply when the actual facts are in evidence. Its purpose is to help the weak. It serves as a bridge over a gap to get to the jury, not to strengthen other bridges which plaintiff has and over which he may safely reach the jury. It *Page 221 
affords plaintiff a route to the jury only when he has no other except in cases where the circumstances afford a basis for different claims of negligence. Failure to charge the jury as to the doctrine of res ipsa loquitur was not error.
Reversed.
STONE, J. took no part.