## BLANCHE R. AND JOHN EWALD v. HENNEPIN AVENUE METHODIST EPISCOPAL CHURCH OF MINNEAPOLIS.[1]

June 11, 1937.

Nos. 31,105, 31,106.

[1]Reported in 274 N. W. 170.

*Roy J. Brumfield* and *Thomas E. Sands, Jr.,* for appellants.

*Stinchfield, Mackall, Crounse, McNally & Moore* and *Clyde W. Fiddes,* for respondent.

HILTON, JUSTICE.

These are two cases tried together in the lower court and involving the same question upon these appeals, which are taken from the orders of the trial court granting defendant's motion for judgment notwithstanding the verdict in each case. Originally John Ewald was the plaintiff in both actions. He brought one on behalf of his minor child, Blanche R. Ewald, to recover for injuries sustained by her in the manner hereinafter stated, and the other on his own behalf to recover for the necessary expenses incurred by him as a result of such injuries to his daughter. Blanche R. Ewald reached her majority before the cases came on for trial and was substituted as plaintiff in the former case on motion of her attorney.

On the evening of December 2, 1932, the Epworth League of the Hennepin Avenue Methodist Episcopal Church of Minneapolis (defendant herein) held a penny carnival in the social hall of the church. The Epworth League is a national organization of young people who attend the Methodist Episcopal Church. The organization has national officers and headquarters and has a local branch in most of the communities where there is such a church. It is, however, a separate organization from the church. It appears that the minister of the defendant had in a general way supervision over the local branch of the Epworth League, although the exact nature of his relationship to the league is not clear. He did approve the date and place of the party and was perhaps consulted about the general plans therefor, but only for the purpose of securing his approval. He had nothing to do with the decorations for the party and did not arrive there until after the accident in question.

As part of these decorations, cords were strung from a central ceiling light fixture in the room where the party was to be held over to fixtures along the sides of the room. Balloons were then suspended by strings from these cords and hung downward over the heads of the people present.

Plaintiff Blanche Ewald was invited to and did attend the party. While standing under the center light fixture, the globe thereof fell and struck her, inflicting the injuries and damage which gave rise to these two actions. In their respective complaints the plaintiffs alleged that the accident was caused by the negligence of the defendant in negligently and carelessly installing and maintaining the light fixtures in an unsafe, defective, and dangerous manner, with improper, insufficient, and defective fastenings. On the trial, however, no evidence was introduced to sustain these claims. Plaintiffs relied solely upon the claim that the doctrine of *res ipsa loquitur* applied and that they were therefore entitled to have the cases submitted to the jury. Defendant offered no evidence, and the trial court denied its motion for a directed verdict and submitted the cases to the jury, which returned a verdict for each plaintiff. Thereafter, upon proper motions, the court ordered judgment notwithstanding the verdict for defendant in each case on the ground that the doctrine of *res ipsa loquitur* had no application and that there was therefore no proof of defendant's negligence. It is from these orders that these appeals are taken, and the only question is whether or not the doctrine applies.

We think that the trial court rightly granted defendant's motions. One of the witnesses, giving an account of the accident, testified:

"All these children were jumping for the balloons; they wanted to take them home as souvenirs, I imagine, and as some group of them jumped, the cord snapped, and pulled the dome down with the string, and it happened that Miss Ewald was standing under the globe, and it hit her on the head."

There was considerable other testimony that during the evening children and persons attending the party were jumping up and attempting to pull the balloons off the cords to which they were attached.

The doctrine of *res ipsa loquitur* does not apply where it appears that the accident was due to a cause beyond the control of the defendant. Gray v. Baltimore & O. R. Co. (C. C. A.) 24 F. (2d) 671,

59 A. L. R. 461; Topping v. G. N. Ry. Co. 81 Wash. 166, 142 P. 425, L. R. A. 1915F, 1174; Anderson v. N. P. Ry. Co. 88 Wash. 139, 152 P. 1001, L. R. A. 1917F, 1020; Prosser, *The Procedural Effect of Res Ipsa Loquitur*, 20 Minn. L. Rev. 241, 262. And see, 25 A. L. R. 713, n. 2. We approved this rule in Heffter v. Northern States Power Co. 173 Minn. 215, 218, 217 N. W. 102, 103. A careful reading of the record convinces us that the accident was due to the acts of persons at the party in attempting to pull down the balloons, and not to any negligence of the defendant with respect to the installation or maintenance of the fixture. It is not shown that the defendant was in any way responsible for the conduct of such persons or that they were under its control. It may well be that when the circumstances show that a light fixture, without apparent cause, has fallen on a person standing underneath, the doctrine of *res ipsa loquitur* applies, and there is thus raised a permissible inference that it fell because of the negligence of the person having control of the fixture. However, in these cases plaintiffs' evidence destroys the inference by showing the exact cause of the accident, for which cause defendant was in nowise responsible. As stated in Heffter v. Northern States Power Co. 173 Minn. 215, 217, 217 N. W. 102, 103:

"It may happen that a plaintiff makes a prima facie case by showing the accident with its attendant circumstances and yet he may destroy by his own evidence the application of the doctrine. Buckland v. N. Y., N. H. & H. R. Co. 181 Mass. 3, 62 N. E. 955."

Plaintiffs contend that the manner in which the balloons were hung was such as to induce persons to jump for them and that their acts were thus induced by, and related to, the acts of the defendant in creating the situation which led the children and others to do that very thing at this party. It has been neither pleaded nor proved that there was any negligence in the manner in which the room was decorated. Furthermore, it nowhere appears that the defendant in any way participated in or was responsible for the decorating. Such being the case, plaintiffs' contention is without merit.

Since the doctrine of *res ipsa loquitur* does not apply and there is no other evidence of negligence on the part of the defendant, there was no case for the jury. What has been said disposes of these appeals, and it is unnecessary to consider the other points discussed in the briefs of the parties.

Affirmed.

