229 A.2d 55.

HENRIETTA LOPES *vs.* THE NARRAGANSETT ELECTRIC COMPANY.

CATHERINE ROBINSON *vs.* SAME.

DOLORES MCCARTHY *vs.* SAME.

APRIL 21, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.   These three actions of trespass on the case for negligence were consolidated for trial and heard together before a justice of the superior court sitting with a jury. The declarations are in three counts.   After the close of the testimony, the defendant moved for a directed verdict in each case.   The trial justice granted the motions as to counts two and three, but reserved decision on count one. The cases went to the jury on the first count only and resulted in verdicts for the plaintiffs.   Thereafter the trial justice denied the defendant's motions for directed verdicts on count one, but granted its motions to reduce the verdicts and its motions for new trials.   The cases are before this court solely on the defendant's exception to the denial of its motion for a directed verdict on count one in each case.

Since the same issue is present in each case, we shall treat the appeals as if only one case were before us, with the understanding that our decision will apply to each of the other cases.

The first count in the declaration contains a general allegation of negligence charging defendant negligently failed to maintain its underground electrical wires; that such negligence caused a manhole cover to be thrown into the air and strike the automobile in which plaintiff was a passenger; that ordinarily manhole covers are not blown into the air after due precautions have been taken; that the manhole cover was in the exclusive control of defendant; and that plaintiff has no knowledge or means of knowledge of the cause of the accident.

The evidence, which is not in dispute, is substantially as follows.   At the trial plaintiff testified that while proceeding through the intersection of Pine street and Beacon ave-

nue in the city of Providence, she heard an underground rumble. The engine section of the automobile in which she was riding was then engulfed by flames and black smoke filled the car. Through the flames and smoke she saw a circular object which struck the hood of the car. The plaintiff jumped from the moving automobile and was injured.

The defendant proved that the explosion which caused the smoke and fire to engulf the car and the manhole cover to strike its hood happened in the following way. The manhole whose cover was blown off was connected by a duct system which extended under the street to another street approximately one block away. A backhoe owned by the M. A. Gammino Construction Company, a contractor working in the area pursuant to a construction contract with the state of Rhode Island, struck an underground cable owned by defendant about 150 feet from the manhole cover in question. The duct line and manhole contained an explosive mixture of gas. The backhoe broke open the duct and ruptured an electric line which caused a spark in the duct which ignited the gas. The flame flashed through the duct to the manhole where it caused the explosion which blew open the manhole cover. The defendant did not maintain any gas lines in the area; the only underground gases in the area are supplied by the local gas company. The defendant had exclusive use and control of the manhole and its cover; it was for defendant's use only and no one else used it.

In denying defendant's motion for a directed verdict on count one, the trial justice stated that he was relying on the doctrine of res ipsa loquitur as stated in *Motte* v. *First National Stores, Inc.,* 76 R. I. 349. In *Motte,* at 354, the court held that the doctrine of res ipsa loquitur is applicable.

"* * * when (1) the cause or instrumentality of an accident is entirely under the control of the defendant; (2) such an accident does not ordinarily occur after

due precautions have been taken; and (3) the plaintiff has no knowledge or means of knowledge of the cause of the accident."

The court in *Motte, supra,* added: "Only in such circumstances can a plaintiff invoke the benefit of the doctrine."

In applying the doctrine the trial justice stated " * * * the instrumentality, the manhole, was in the exclusive control of the defendant * * *"; that " * * * ordinarily the occurrence would not have happened except for the statements of negligence * * * and that the plaintiffs had no knowledge or means of knowledge." In the circumstances he ruled that the burden was upon defendant to rebut, to the satisfaction of the jury, the prima facie case created by the application of the doctrine.

The defendant argues that the trial justice erred in his application of *Motte, supra,* in denying its motion for a directed verdict because it did not have exclusive control of the "instrumentality" and that the "instrumentality" was affected by acts or omissions of third parties over which it had no control, and therefore plaintiff did not present a prima facie case under the res ipsa doctrine.

In our judgment the trial justice did err in his application of res ipsa loquitur, but not based on the contentions of defendant.

In this state an essential element in the application of the doctrine is that " * * * plaintiff has no knowledge or means of knowledge of the cause of the accident." *Motte, supra,* at 354. The evidence elicited during the course of the trial clearly and explicitly disclosed the cause of the accident. Indeed, plaintiff concedes that the cause of the accident was shown.

Where the evidence discloses all the facts surrounding an injury, where there is direct evidence as to the precise cause of the accident and all facts and circumstances clearly appear, nothing is left to inference and no presumption can

be indulged. As Mr. Justice Field so concisely and aptly stated in *Lincoln* v. *French,* 105 U. S. 614 at 617:

> "Presumptions are indulged to supply the place of facts; they are never allowed against ascertained and established facts. When these appear, presumptions disappear."

It is universally acknowledged that the doctrine of res ipsa loquitur never applies where all the facts attending the injury are disclosed by the evidence and nothing is left to inference. There is no need to apply res ipsa where the evidence shows the precise cause of the accident. *Gray* v. *Baltimore & Ohio R.R.* (CCA 7th), 24 F.2d 671; *Heffter* v. *Northern States Power Co.,* 173 Minn. 215, 217 N.W. 102; *St. Luke's Hospital Ass'n* v. *Long,* 125 Colo. 25, 31, 240 P.2d 917, 921; *Worster* v. *Caylor,* 231 Ind. 625, 110 N.E.2d 337; *Gibson* v. *International Trust Co.,* 177 Mass. 100, 58 N.E. 278. See also dicta in *Cassady* v. *Old Colony Street Ry.,* 184 Mass. 156, 163, 68 N.E. 10, 12, and *Chaisson* v. *Williams,* 130 Me. 341, 347, 156 A. 154, 157. Where all the facts are known, " * * * res ipsa loquitur simply vanishes from the case." Prosser, Torts §40, p. 236 (3d ed. 1964).

The instant case is distinguishable from cases in which the cause of the accident was not established beyond clear doubt. In *Kearner* v. *Charles S. Tanner Co.,* 31 R. I. 203, an explosion in a starch factory threw the walls into the street causing the death of plaintiff's intestate husband. The plaintiff relied on res ipsa loquitur and introduced evidence to the effect that the explosion occurred on defendant's premises. The defendant introduced evidence which tended to prove that the explosion in its factory was caused by an explosion in an adjoining store. In sustaining the application of res ipsa loquitur by the trial justice, this court stated at page 216: "As testimony was offered in support of each of said contentions, the question was properly left to be decided by the jury * * *." It is essential to note that in *Kearner, supra,* there existed an undeter-

mined question of fact, namely, the cause of the explosion. The resolution of this question of fact had to be left to the jury. In *Eaves* v. *City of Ottumwa*, 240 Iowa 956, 38 N.W.2d 761, flooding was caused when water escaped over a raceway. However, the cause as to why the water escaped was unknown, and res ipsa was properly held to be applicable.

The distinguishing fact in each of the above two cases is that although the instrumentality from which the accident ensued was known, the act which caused the instrumentality to produce the accident was unknown, or not definitely established, and res ipsa was correctly applied in allowing the jury to determine where liability rested.

In the case at bar, however, the plaintiff has knowledge of the instrumentality which resulted in the injury and also the cause why the instrumentality resulted in the accident. Therefore, the essential element in the application of res ipsa, to wit, lack of knowledge by the plaintiff, does not exist in the case at bar, and the plaintiff cannot avail herself of the doctrine. *Worster* v. *Caylor, supra.*

In each case the defendant's exception to the denial of its motion for a directed verdict on count one is sustained, and each case is remitted to the superior court for entry of judgment.[1]

*Abedon, Michaelson & Stanzler, Milton Stanzler,* for plaintiff.

*Boss, Conlan, Keenan & Rice, Frederick A. Reardon,* for defendant.

---

[1]Although the proceedings in these cases were commenced and concluded in the superior court prior to January 10, 1966, the effective date of the Rules of Civil Procedure of the Superior Court, inasmuch as the opinions in these cases were filed after such date, we are remanding the cases to the superior court in accordance with the provisions of P. L. 1965, chap. 55, sec. 41 (G. L. 1956, §9-24-23, as amended).